Order of the Appellate Division reversed, with costs in the Court of Appeals and in the Appellate Division, and the matter remitted to the Workmen’s Compensation Board for further consideration in accordance with the memorandum filed herewith : The claim herein does not come within the provisions of section 25-a of the Workmen’s Compensation Law. The Workmen’s Compensation Board, whenever satisfied that a change of condition has occurred, may, on its own motion, subject to the limitations of sections 25-a and 123, review any award, decision or order and on such review may make an award ending, diminishing or increasing the compensation previously awarded (§ 22). The attending physician’s report, form C-4, filed before the expiration of three years from the date of the last payment of compensation (§ 25-a), was sufficient to put the board on notice that there had been a change in claimant’s condition and that the carrier’s liability had not been concluded. Accordingly, the board was justified in treating such report as an application to reopen the claim and restore it to the1 referee’s calendar. No opinion.
*846 Concur: Conwat, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ. Van Voorhis, J., dissents and votes to affirm in the following memorandum: The board did not reopen “ on its own motion ’ ’ within the time limited; under section 22 of the Workmen’s Compensation Law, it therefore had to be reopened “ upon the application of any party in interest The claimant made no such application. He neither authorized nor was aware of the routine physician’s report as an application to reopen in his behalf.