■ In the Matter of the Claim of EDWARD E. BRATLE, Respondent, against SOCONY-VACUUM OIL COMPANY, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases from a decision and award of the Workmen's Compensation Board for reduced earnings. Appellant asserts that the award contravenes the statutory prohibitions against any award of compensation " where application therefor is made after a lapse of eighteen years from the date of the injury * * * and also a lapse of eight years from the date of the last payment of compensation." (Workmen's Compensation Law, § 25-a, subd. 6; § 123.) The accident occurred on January 25, 1938. The case was closed on January 24, 1949. The award was made following a reopening of the claim pursuant to application filed October 17, 1956. The board found, however, that the employer supplied medical care on October 6, 1952 (when claimant was examined at the employer's clinic and certain medication was prescribed) and that this constituted a payment of compensation within the eight-year period. Finding, further, that there had been no payment of compensation within three years prior to the application to reopen, the board discharged the self-insured employer and made award against appellant Special Fund. (Workmen's Compensation Law, § 25-a, subd. 1.) In *Matter of Youngelman* v. *City of New York* (10 A D 2d 173) we held that under the " explicit terms " of subdivision (a) of section 13 " the provision of medical devices or service is not ' the payment of compensation' within section 25-a ", so as to render the Special Fund liable for " compensation benefits" or an " award of compensation" (§ 25-a, subd. 6; § 123) after the 18 and 8 years' periods. (See, also, *Matter of Kapesser* v. *New York State Police,* 286 App. Div. 897.) It follows that the award for reduced earnings was improperly made. Decision and award reversed and claim, insofar as for cash benefits, dismissed, with costs to appellant against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of HELEN K. BOYD, Appellant, against JOHN COLLINS et al., Constituting the Board of Education of Central School District No. 1, Town of Indian Lake, Respondents.— Motion for reargument granted, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.