■ In the Matter of the Claim of LEO B. CHASE, Claimant, v. BUFFALO AERONAUTICAL CORP. et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The sole question on this appeal is whether the medical reports filed within seven years of the date of the accident constituted an application to reopen as to charge the liability to the carrier rather than the Special Fund (Workmen's Compensation Law, § 25-a). The claimant on May 12, 1950, sustained a heart injury in the nature of a coronary occlusion and myocardial infarction. The last payment of compensation as a result thereof was made on December 5, 1950, and the case was closed on July 25, 1956, with a finding that the claimant was suffering from a permanent partial disability but that he was working and there was no loss of earnings. Subsequent to the closing but before the lapse of seven years from the date of the original injury, the attending physician filed several medical reports with the board. One of these reports, dated October 23, 1956, stated that the claimant was concerned about crushing chest pains radiating down the left arm that occurred only with exertion since the end of August, 1956, and it was the doctor's impression that " at long last Mr. Chase is having angina pectoris of effort" directly related to his myocardial infarction of May 12, 1950. A report dated January 5, 1957, stated that an electrocardiogram taken on January 5, 1957, for the first time in at least three years had shown evidence of " additional damage " although no new infarction, and a further report of February 19, 1957 stated " Serial cardiograms show no

localized transmural infarction, but rather *extension* of his original damage." (Emphasis supplied.) Other reports were filed and while a reopening of the case did not actually occur until November 18, 1957 — more than seven years from the original injury — the board found that the reports indicated " an exacerbation of the claimant's condition requiring treatment " and that said reports constituted an application for reopening within the statutory period. Subdivision 1 of section 25-a provides the carrier is relieved from liability and the same attaches to the Special Fund if there has been a lapse of seven years from the date of the injury and also a lapse of three years from the date of the last payment of compensation. Accordingly the date on which liability would be shifted under the facts in this case was May 12, 1957. We think that under the decision in *Matter of Norton* v. *New York State Dept. of Public Works* (1 N Y 2d 844), the board in this instance was justified in finding the medical reports filed within the seven-year period clearly demonstrated a change in the physical condition of the claimant so as to put the board on notice, and that the said reports under the circumstances constituted an application for a reopening. From the doctor's report alluded to above, there was evidence of a new symptom — angina pectoris. He also stated that the examination on February 19, 1957 revealed evidence of rapid auricular fibrillation. Such medical testimony from the attending physician certainly is an expression of a change of condition sufficient not only to put the board on notice but likewise the carrier. While the doctor stated that the series of events was anticipated, it also signified a change in his condition from the date of the closing of his case in 1956. Certain it is that such evidence was sufficient to raise a factual issue and the board having made a finding in favor of the Special Fund, there was substantial evidence to sustain such finding. *Matter of Erwin* v. *Minneapolis Honeywell Regulator Co.* (9 A D 2d 989) relied upon by the appellants herein is factually distinguishable from the present case. The medical reports on which the board relied in that case as being an application to reopen concerned a knee condition. This court, however, determined such condition was not new but had been contained in medical reports prior to the date of closing. Subsequent to the date of closing only one report made mention of the knee that was in no way an exacerbation of the claimant's condition but rather a description of a continuing condition without change. Decision unanimously affirmed, with costs to the Special Fund against the appellants.