In the Matter of the Claim of SAM TRIPOLI, Respondent, *v.* CRUCIBLE STEEL COMPANY OF AMERICA et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 28, 1961.

*S. Chandler Fraser* and *John F. McDonough* for appellants.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Isadore Greenberg* for claimant-respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

HERLIHY, J. Employer and carrier appeal from decision of the Workmen's Compensation Board which found that a medical report filed within the seven-year period—section 25-a of the Workmen's Compensation Law—constituted an application for a reopening of the case and consequently discharged the Special Fund.

The accident happened on October 23, 1951 and the last payment of compensation was on February 5, 1952. On April 22, 1958 the attending physician filed a medical report, which was one of a series of such reports. On May 29, 1959—more than seven years from the date of accident—claimant filed an application to reopen his case, indicating it was necessary to have elastic stockings. The next month, June 26, 1959, a medical proof of change of condition was filed by the attending physician which indicated that an ulcer had developed. Thereafter at a hearing before the board, it was determined that the medical report of April 22, 1958 constituted an application for reopening and was within the seven-year period.

As a result of the accident the claimant developed thrombophlebitis and secondary pulmonary embolus due to a fracture of the right foot and the subsequent immobilization. He was able to return to work in February, 1952 and thereafter a series of medical reports were filed by the attending physician, all of which referred to swelling of the leg, at least one of them describing it as " chronic ", and recommended the wearing of an elastic stocking. In this series of reports which began January 19, 1952, the attending physician stated there would probably be a permanent disability of approximately 20% of the right lower extremity and this was repeated in reports of February 21, April 2, 1952 and in June, 1952 he stated as to permanency there would be " slight residual swelling of right leg ". The only addition to the April 22, 1958 report which was found by the board to constitute an application for reopening was a statement by the doctor that the swelling was permanent but it is significant to note that he also said " Swelling same ", and that he referred to his prior report of June 26, 1952. A reading of the report in its entirety and in context does not support the finding of the board that there was a change of condition. What the doctor described in his April, 1958 report was the continuance of a condition which had existed since shortly after the accident and it apparently was not considered by the board at the time of filing as mandating any immediate action on its part. In fact, it did nothing until July 9, 1959, more than a year after the filing of the report. In the interim the claimant had filed an application to reopen and in June, 1959, the attending physi-

cian filed a medical proof of change in condition. In determining whether a changed condition is shown, a medical report should not be given a strained or unreasonable interpretation. A doctor, when he makes out these compensation reports, does not realize the possibility of the board's interpreting them as a changed condition because of the use of some loose language on his part. Medical reports should not be interpreted as a basis for an application to reopen unless it is reasonably clear that such was the intention of the doctor. In the present instance, the doctor filed a proper form when he found a new condition, as set forth in his report of June 26, 1959. The facts here come within the recent decision of this court where we determined that the board's discharge of the Special Fund on a finding that an application constituted a changed condition was not supported by substantial evidence. (*Matter of McKenna* v. *Elm Tremont Coal Co.,* 9 A D 2d 458; *Matter of Erwin* v. *Minneapolis Honeywell Regulator Co.,* 9 A D 2d 989.)

The decision of the Workmen's Compensation Board should be reversed and the matter remitted for further proceedings not inconsistent with this opinion, with costs to appellants and against the Special Fund for Reopened Cases under section 25-a.

COON, GIBSON and REYNOLDS, JJ., concur with HERLIHY, J.; BERGAN, P. J., dissents and votes to affirm. A sufficient change in condition was shown in the medical report on which the board relied to constitute an application to reopen. (*Matter of Norton* v. *New York State Dept. of Public Works,* 1 N Y 2d 844.)

Decision of the Workmen's Compensation Board reversed and the matter remitted for further proceedings not inconsistent with the opinion herein, with costs to appellants and against the Special Fund for Reopened Cases under section 25-a.