In the Matter of the Claim of SALVATORE RIZZO, Respondent, v. GLENWOOD CLOTHES, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal by the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from a decision of the Workmen's Compensation Board; filed October 25, 1968, which found that claimant had a causally related change in condition and disability since the closing of the case on a lump sum nonschedule adjustment and that said Special Fund, rather than the employer's insurance carrier, was liable. Claimant sustained a back injury on October 29, 1951 and received an award of total disability for two periods in 1951 and 1952 aggregating less than eight weeks in duration. Upon findings by a board physician that he had a mild permanent partial disability and by carrier's physician that there was no objective evidence of disability, the board on June 8, 1956 approved a lump sum nonschedule settlement of $3,500 and the case was closed. However, in 1966 medical testimony was received that there had been a change for the worse in claimant's physical condition and that he was suffering from a permanent disability of moderate severity. A case closed on a lump sum may be reopend upon proof " that there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment" (Workmen's Compensation Law, § 15, subd. 5-b; *Matter of Lawton* v. *General Motors Corp., Chevrolet-Tonawanda Div.*, 13 A D 2d 587, mod. 13 A D 2d 607, mot. for lv. to app. den. 9 N Y 2d 613) and, despite contrary testimony, there was substantial evidence to support the board's finding that the statutory test had been met (cf. *Matter of Scheiber* v. *Simon & Co.*, 25 A D 2d 588, affd. 19 N Y 2d 619; *Matter of Goldbard* v. *Dixie Lake Hotel & Country Club*, 11 A D 2d 858). In cases such as this, subdivision 1 of section 25-a of the Workmen's Compensation Law provides that the liability of the Special Fund for Reopened Cases attaches only when the reopening is "after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation" (*Matter of Sayres* v. *Feine & Sons Co.*, 283 App. Div. 547, 549.) and subdivision 7 requires that "where the case is disposed of, by the payment of a lump sum, the date of last payment * * * shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate which is warranted by the employee's earning capacity as determined by the board" under section 15 of said law (see *Matter of Weyzk* v. *Town of Stafford*, 7 N Y 2d 121,

123). For partial disability, whether permanent or temporary, compensation would be two thirds of the difference between the average weekly wages of the claimant before the accident and his wage earning capacity thereafter (Workmen's Compensation Law, § 15, subd. 3 [v]; *Matter of De Pascale* v. *Delco Appliance Div., Gen. Motors Corp.*, 27 A D 2d 602). Although there was proof of claimant's average weekly wages before the accident, since no determination of claimant's wage earning capacity thereafter has been made and since the board in its 1956 decision did not indicate a method for allocating the $3,500 settlement, no basis was established for the board's allocation of said sum of $20 per week. Decision reversed and claim remitted for further proceedings, with costs to appellant against the Workmen's Compensation Board and respondent carrier. Herlihy, P. J., Reynolds, Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.