In the Matter of the Claim of AMEDEO AMMIRATA, Respondent, v. HARRY WEIDY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board, filed March 28, 1969, which reversed a Referee's decision and discharged the respondent Special Fund For Reopened Cases from liability. The claimant suffered a compensable accidental heart attack (coronary occlusion) on September 14, 1957 and benefits therefor were subsequently assessed against the appellants. On July 7, 1965 a Referee determined that there had been no lost time from January 1, 1964 or reduced earnings from that date and closed the case upon the prior finding of permanent partial disability. The attending physician's reports from February 19, 1958 through October 24, 1960 indicated that the claimant was being given "medical management" for the condition of "Post Coronary Occlusion". In a report dated June 17, 1961 the doctor mentioned "angina on exertion" and in his report of October 26, 1961 he made an additional notation of "substernal tightness in cold spell". The subsequent reports of the attending physician through January 21, 1967 indicated no further changes and generally referred to the claimant's condition as "*status quo*" with routine office examinations for the purposes of "medical management". All of the reports through January 21, 1967 indicated that the claimant was not disabled from working and was in fact working. The claimant was apparently classified with a finding of permanent partial disability upon a report of the board's examining physician dated February 25, 1963 which made such a classification after noting occasional "chest pain". In a report dated February 10,

1967 the attending physician referred to a "house call" on the evening before because of claimant's "substernal distress" at which time he diagnosed "angina pectoris" and administered medication with the claimant apparently being given an office examination on the date of the report; in response to the question of whether or not the patient was working, the doctor noted "possibly". The next report of the attending physician was dated July 6, 1967 and it indicates no changes in the claimant's condition, the same being "status quo" with the claimant working, but he did note therein that the appellant insurance carrier had advised him to send subsequent reports and bills to the respondent Special Fund. All subsequent reports by the claimant's doctor indicate status quo as to medical condition and that the claimant was working. The board, in response to the attending physician's report on July 6, 1967, ordered the case reopened for the purpose of determining the liability of the respondent Special Fund for continued disability and treatment and the payment of outstanding medical bills. The last payment of compensation is not disputed as having been made on April 7, 1964 and the issue presented upon this appeal is whether or not the report of the attending physician dated February 10, 1967 was sufficient to be treated as an application for reopening within three years of the date of the last payment of compensation as required by subdivision 1 of section 25-a of the Workmen's Compensation Law. The report of February 10, 1967 was not sufficient to be treated as an application for reopening. (Cf. Matter of Chase v. Buffalo Aeronautical Corp., 12 A D 2d 849.) The condition of pain in the nature of angina pectoris had long been noted prior to the attack on February 9, 1967 and although the report of February 10, 1967 by referring to a house call would indicate a more severe pain than on any prior occasion, the report does not indicate any change in the claimant's medical condition or in respect to his disability from working. While we can take judicial notice that the attack of pain occurred on a Thursday evening and that the claimant was examined by his physician on the following day, Friday, the doctor's report in response to the question of whether or not the claimant was then working merely indicates "possibly" which is insufficient to infer a then lack of ability to work. The board having relied solely upon the report of the attending physician dated February 10, 1967 as an application for reopening and thus determining the liability of the appellants, the case must be reversed and remanded. As noted in the recent case of Matter of Pizzarello v. Town of Harrison, Police Dept. (31 A D 2d 878, 879) "the medical reports filed within the seven-year period and following the closing of the case are insufficient to indicate a change in medical condition such as would constitute an application for a reopening of the case". Decision reversed and matter remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.