■ In the Matter of the Claim of JAMES WILEY, Respondent, v. VAN DER HORST CORPORATION OF AMERICA et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 21, 1970, which refused to close the case and continued it for one year. As a result of injuries sustained in 1956 and which necessitated amputation of his lower left leg, claimant was held entitled to compensation in 1958. He was provided with an artificial leg which has required repair or replacement from time to time, the costs of which have been borne by employer's insurance carrier. After rehabilitation, claimant became employable and, aside from expenditures directly related to the prosthesis, the last payment for medical care was made in 1962 and the last award of compensation was made in February, 1966 for reduced earnings prior to August 29, 1964. It is undisputed that there will be a continuing necessity in the future for additional repairs to and replacements of the leg prosthesis. At an October 20, 1969 hearing, appellants asked that the case be closed as to them and that liability be transferred to the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law on the grounds that there had been a lapse of seven years from the date of injury and a lapse of three years from the last payment of compensation. Under section 13 of said law, the replacement or repair of artificial members of the body do not constitute the payment of compensation under section 25-a. Since the shifting of liability under 25-a is dependent upon the passage of time where no further proceedings are contemplated and since an order for continued treatment under section 13 does not prevent the shifting of liability therefor to the Special Fund (*Matter of Casey* v. *Hinkle Iron Works*, 299 N. Y. 382, 385-386), the board's discretion in closing or not closing a case is not so absolute that it may refuse to do so solely to thwart said shift of liability (cf. *Matter of Berlinski* v. *Congregation Emanuel of City of New York*, 29 A D 2d 1036, 1037; *Matter of Wohlsen* v. *New Rochelle Coal & Lbr. Co.*, 14 A D 2d 661). This case did not arise in the context of an actual refusal to transfer liability under 25-a since no fresh application for compensation has been made by claimant and, therefore, appellants have not been burdened with a liability which could be passed to the Special Fund. They are not yet aggrieved parties and the decision of the board lacks the element of finality so as to be appealable. It has been held that a decision to reopen a case is not itself appealable

(*Matter of Diaz* v. *Children's World Theatre Co.*, 8 A D 2d 680; *Matter of Piekut* v. *Philip Fleischer, Inc.*, 276 App. Div. 702, 704) and a refusal to close unattended by any present award is in a similar posture. Appeal dismissed, with costs to Special Fund for Reopened Cases. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.