■ In the Matter of the Claim of SAMUEL A. ZAFUTO, Respondent, v. KNOWLES-FISHER CORPORATION et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board discharging the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from liability. On March 11, 1958 claimant, a machine molder in a foundry, sustained an accidental injury to his back. Claimant was thereafter periodically paid compensation benefits with the last payment, prior to reopening, on

December 14, 1964. Concededly actual reopening occurred more than seven years from the date of the accident and more than three years from the last payment of compensation. However, the board has found that a report submitted by Dr. Barnes, the attending physician, dated August 8, 1967 and filed August 9, 1967 and thus within the prescribed period indicated a change in claimant's condition and therefore constituted a timely application to reopen. The sole question raised here is the propriety of this decision. Of course, a medical report could constitute an application to reopen even when no formal application has been made by the claimant (e.g., *Matter of Norton* v. *New York State Dept. of Public Works*, 1 N Y 2d 844) but this is so only "where the report is notice to the board of a change in claimant's condition" (*Matter of Vito* v. *Josall Roofing Co.*, 29 A D 2d 798, 799). In the instant case claimant was examined in June of 1967 and found to have no schedule or disability. He was then working without any loss of earnings and was not under treatment. The case was accordingly closed on the previous awards. Dr. Barnes' report of August 8, 1967, less than two months later, indicated "An acute exacerbation of previous symptoms, marked scoliosis" and further that claimant was not working and that treatment was being resumed. On this state of the record we cannot say that the board could not properly find that the report was sufficient to put it on notice of a change in claimant's condition (*Matter of Koeppel* v. *Novo Knitting Mills*, 34 A D 2d 1074; *Matter of Alexander* v. *County of Erie, Meyer Mem. Hosp.*, 28 A D 2d 1069; *Matter of Wilson* v. *Pittsburgh Plate Glass Co.*, 15 A D 2d 847). Dr. Barnes' actual intent in filing the report is, of course, not controlling (*Matter of Alexander* v. *County of Erie, Meyer Mem. Hosp., supra*; *Matter of Wilson* v. *Pittsburgh Plate Glass Co., supra*). Decision affirmed, with costs to the Special Fund for Reopened Cases. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.