■ In the Matter of MARGARET C. PUCSER, Respondent, v. ALLEGHENY LUDLUM STEEL CORP., Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 29, 1973, which charged liability against the appellant self-insured employer and discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. On February 20, 1958 claimant sustained a compensable injury to her right knee. On March 9, 1962 the case was closed on a finding of 66⅔% loss of use of the right leg when it appeared that her condition had become stabilized. The last payment of compensation was on March 20, 1963. Claimant, however, continued having infra-red heat treatment and a series of reports of such treatment were filed by her physician, Dr. Lockie. In all, in 1963 and 1964, Dr. Lockie filed 13 reports and another physician, Dr. Winter, also filed a report. The case was reopened October 19, 1971 on the basis of a report from Dr. Winter dated September 9, 1971 upon which the board could find that claimant was totally disabled. The majority of the board found the reports in 1963 and 1964 indicated " a change in condition" and thus constituted " applications for compensation  *  *  *  within the seven and three provisions of Section 25a of the Law". The dissenting member of the board, noting that the 1963 and 1964 reports, as well as reports in 1968, were not acted upon until 1971 felt section 25-a applied. In the majority decision three reports are specifically referred to, two by Dr. Lockie and the one by Dr. Winter. While medical reports can constitute an application to reopen, in our opinion, none of these reports specifically referred to nor the others in that period were sufficient to constitute notice to the board of a change in claimant's condition (*Matter of Ammirata* v. *Weidy*, 34 A D 2d 717; *Matter of Pizzarello* v. *Town of Harrison, Police Dept.*, 31 A D 2d 878; *Matter of Vito* v. *Josall Roofing Co.*, 29 A D 2d 798). While the reports concededly indicate continued disability and treatment, they do not indicate any change in condition. They merely indicated that the knee condition continued but was stabilized, and it was not until June of 1968 at the earliest that any report could be said to indicate that the condition in claimant's leg had, in fact, worsened. It is significant that the board claims notice of a change based on the 1963 and 1964 reports and yet did not act until October, 1971 despite reports in 1968 and 1969 which could well have formed a rational basis for reopening. Accordingly, the decision must be reversed and the matter remitted to the board for further proceedings not inconsistent herewith. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings, with one bill of costs to appellants against respondents filing briefs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.