■      In the Matter of the Claim of ELVA MARTIN, Respondent, v BAUSCH & LOMB, INC., et al., Appellants, and SPECIAL FUND FOR REOPENDED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 14, 1975, which discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. On August 11, 1966 claimant sustained a compensable injury to her right hip. Her case was closed on February 27, 1969, and the last payment of compensation was made on March 6, 1969. Thereafter the board reopened the case on October 18, 1973, but it declined to apply the provisions of section 25-a of the Workmen's Compensation Law, holding instead that reports of claimant's physician filed on February 16, 1972 and August 25, 1972 constituted an application to reopen her case prior to the expiration of the periods of limitation set forth in that section. Accordingly, the Special Fund for Reopened Cases was discharged from liability. On this appeal, the employer and its insurance carrier contend that the foregoing reports did not reflect a change in claimant's condition warranting consideration as an application to reopen her case. We disagree. Before her case was closed, and up until 1970, routine medical reports mentioned only the possibility of future avascular necrosis of the affected femoral head and expressed doubt that a slight cystic change represented the onset of that condition. Later reports noted evidence of "early" necrosis and then described the condition as "progressive". However, the 1972 reports at issue first referred to a "good possibility" that claimant would eventually need surgery in the form of total hip replacement and then characterized that need for corrective action as "very likely". While these 1972 reports undoubtedly reflected the continuation of a pre-existing condition *(Matter of Pucser v Allegheny Ludlum Steel Corp.,* 45 AD2d 798; *Matter of Ammirata v Weidy,* 34 AD2d 717, affd 28 NY2d 564; *Matter of Tripoli v Crucible Steel Co. of Amer.,* 12 AD2d 425, affd 10 NY2d 877), they also demonstrated that claimant's condition had changed to the point where surgical intervention was indicated. They, therefore, supplied a rational basis upon which the board could find notice of a change in her condition sufficient to justify the reopening of her case and we cannot conclude that the present decision rests on less than substantial evidence *(Matter of*

*Zafuto v Knowles-Fisher Corp.,* 39 AD2d 987; *Matter of Chase v Buffalo Aeronautical Corp.,* 12 AD2d 849). Decision affirmed, with costs to the Special Fund for Reopened Cases. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.