■ In the Matter of the Claim of DOMINICK TOTINO, Respondent, v HELANN TRUCKING CORP. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 23, 1975, as amended by a decision filed December 11, 1975, which discharged the Special Fund for Reopened Cases from liability under section 25-a of the Workers' Compensation Law. Claimant sustained a compensable back injury on June 14, 1957, for which he received an award and payments for disability to August 29, 1957. The case was closed on June 17, 1958. On May 31, 1960, claimant injured his hand in a work-related injury and also

aggravated his back condition. This case was closed on June 7, 1961. Thereafter, claimant's attending orthopedist filed a medical progress report indicating that claimant's prognosis was not good: he had a herniated disc and might have to undergo surgery in the future. There were no hearings or payments of compensation until the board reopened these cases on January 19, 1971 and November 2, 1972, more than seven years after they were closed and more than three years after the last payment of compensation, the statutory time periods for fixing liability for the Special Fund for Reopened Cases (Workers' Compensation Law, § 25-a). The record was further developed and the board discharged the Special Fund and found the carriers liable, holding that medical reports filed on February 20, 1961 and July 5, 1961 constituted applications for reopening within seven years of the date of the injuries. On appeal, the carrier for the first accident objects to this determination upon the ground that it was not put on notice until February 16, 1973, after the presentation of medical evidence at an earlier hearing, and was thus denied an opportunity to cross-examine the medical witnesses. However, after it was put on notice, there was no request that the case be restored for further development of the record. It was the obligation of the carrier to make any such application during the period that hearings were being conducted (*Matter of Handler v Taterka*, 22 AD2d 741, mot for lv to app den 15 NY2d 483). Moreover, a medical report may suffice to reopen a case even where no formal application has been made by the claimant when the report gives notice to the board of a change in claimant's condition (*Matter of Martin v Bausch & Lomb*, 54 AD2d 1002; *Matter of Zafuto v Knowles-Fisher Corp.*, 39 AD2d 987). Decision affirmed, with costs to the Special Fund against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.