■ JAMES J. ELTING, Appellant, v WILL & BAUMER CANDLE CO., INC., et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Zeller, J.), entered August 11, 1980 in Otsego County, which, *inter alia,* granted summary judgment to defendants dismissing the complaint. On October 7, 1970, one Edward Drake was injured while in the course of his employment with defendant Will & Baumer Candle Co., Inc. As a consequence, he and the employer's compensation carrier, defendant Liberty Mutual Insurance Company, reached an agreement, pursuant to subdivision 5-b of section 15 of the Workers' Compensation Law, for a nonschedule adjustment in the amount of $8,000. This adjustment was later approved by the Workers' Compensation Board on June 10, 1974 and the case was closed. A subsequent application by Drake to reopen the case was denied by the board on June 21, 1979. In the present action, plaintiff James Elting, a duly licensed physician, seeks to recover from defendants the sum of $96.08, the amount allegedly owed to him for medical services which he furnished to Drake between January 13, 1979 and February 8, 1979 for the 1970 injury. Both plaintiff and defendant carrier moved for summary judgment at Special Term with the result that the carrier's motion was ultimately granted and the complaint was dismissed. The instant appeal ensued. We hold that the challenged judgment should be affirmed. A claim by a physician against an employer or its compensation carrier for treatment of an injured employee may be approved only when it is incidental to or part of a compensation award to the employee himself (*Sandberg v Seymour Dress Co.,* 215 App Div 728, affd 242 NY 497). Such is plainly not the situation here because Drake's case was closed in 1974 and the board refused to reopen it in 1979. Under these circumstances, plaintiff's only

recourse is to seek payment directly from Drake for the services he rendered to him (cf. *Ellis Hosp. v Symonds,* 96 Misc 2d 643). In so ruling, we lastly cite our decision in *Matter of Scheiber v Simon & Co.* (25 AD2d 588, affd 19 NY2d 619), a case involving a claim against a carrier for medical expenses occurring some years after the case in question was closed upon approval of a nonschedule adjustment. Significantly, we held the carrier liable for the medical expenses in that case only after determining that there was substantial evidence of a change in the claimant's condition so as to permit the reopening of the case for the payment of the medical bills at issue. In the present instance, contrary to the situation in *Matter of Scheiber* (*supra*), the board has refused to reopen Drake's case, and, accordingly, liability cannot be imposed upon defendants for the medical services rendered by plaintiff. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.