■ In the Matter of the Claim of JOHN C. BAUMAN, Respondent, v CHILI FURNITURE & APPLIANCES, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 25, 1982. In the absence of any proof that claimant's symptoms and resulting lost time in 1976 and 1978 were related to anything other than the need for replacement of claimant's worn-out prosthesis, the record lacks substantial evidence to support the board's finding of a changed condition within three years of the last payment of compensation, and its order discharging the Special Fund for Reopened Cases must be reversed. In a work-related motor

vehicle accident in September, 1964, claimant sustained severe injuries, including the loss of his right leg. He received awards of benefits extending through December 31, 1976. During this period, specifically in February, 1976, claimant's physician filed a report indicating that claimant's artificial leg had worn out, that an abscess had developed on claimant's stump, that a new prosthesis had been ordered and that claimant was unable to work since he could not wear the prosthesis. No compensation award was made. Thereafter, on December 11, 1978, the physician filed a report indicating that claimant's prosthesis had again been replaced. The board took no action on the basis of this report. On February 19, 1979, claimant's physician reported that the artificial leg had worn out once again and replacement was necessary. He also reported a pressure area on claimant's stump and indicated that claimant would be returning to work shortly. By order of restoral filed October 28, 1980, the board reopened the case and ordered hearings to consider "continually causal relation disability-compensable lost time 1976, 1980, allocation of schedule and date of last payment of compensation". Thereafter, the board found that the medical reports filed in February, 1976 and February, 1978 indicated a change in condition within three years of the last payment of compensation, requiring discharge of the Special Fund for Reopened Cases. This appeal by the employer and its insurance carrier ensued. Pursuant to subdivision 1 of section 25-a of the Workers' Compensation Law, the Special Fund for Reopened Cases is liable for awards made after a lapse of seven years from the date of injury and three years from the date of the last payment of compensation. In this case, the date of the last payment of compensation is considered to be December 31, 1976 (see Workers' Compensation Law, § 25-a, subd 7; *Matter of Rizzo v Glenwood Clothes,* 33 AD2d 611). "[A] medical report may suffice to reopen a case even where no formal application has been made by the claimant when the report gives notice to the board of a change in claimant's condition [citations omitted]" (*Matter of Totino v Helann Trucking Corp.,* 71 AD2d 736, 737). The critical issue, therefore, is whether the medical reports filed by claimant's physician, upon which the board relied as applications to reopen within three years of the last payment of compensation, show a change in claimant's condition. That portion of the reports which indicates that claimant's prosthesis had worn out and was in need of replacement cannot serve as the required notice of a change in condition. The record conclusively establishes that such replacement every one or two years was a continuing requirement dependent simply upon the life expectancy of the device itself. The continuing nature of the need for such replacement, and its irrelevance for section 25-a purposes, was expressly recognized by the Legislature in subdivision (a) of section 13 of the Workers' Compensation Law, which requires the employer to pay for the replacement or repair of prosthetic devices and provides that such replacement or repair shall not constitute the payment of compensation under section 25-a (see *Matter of Wiley v Van Der Horst Corp. of Amer.,* 38 AD2d 642). If the repair or replacement of a prosthetic device cannot constitute the payment of compensation under section 25-a, then it follows that a report that such repair or replacement has occurred cannot serve as the notice of a changed condition necessary to constitute an application to reopen for the purposes of determining section 25-a liability. The Special Fund points out that the medical reports relied upon by the board contained references to an abscess and a pressure area on claimant's stump, in addition to the indication that the prosthesis needed to be replaced. There is, however, nothing in the record to support a finding that the physician was reporting independent evidence of an actual change in claimant's condition, rather than merely advising the board of the physical symptoms which established the

need for replacement of the prosthetic device. Medical reports should not be given a strained or unreasonable interpretation; they should not serve as the basis for an application to reopen unless it is reasonably clear from the report that the physician intended to notify the board of a changed condition (*Matter of Tripoli v Crucible Steel Co. of Amer.*, 12 AD2d 425, affd 10 NY2d 877). Moreover, there is nothing in the board's decision to indicate that it drew any distinction between that portion of the reports which gave notice of the need for replacement of the prosthesis and that portion which reported the existence of an abscess or pressure area on claimant's stump. In order to constitute notice of a change in medical condition the reports must reveal a new condition, rather than merely indicate the continuing nature of the original disability (*Matter of Pizzarello v Town of Harrison, Police Dept.*, 31 AD2d 878, 879). The reports herein indicated only that claimant's prosthesis needed to be replaced, which was simply a reflection of claimant's continuing disability, rather than an indication of a new or changed condition. Accordingly, the board's decision to discharge the Special Fund of liability under section 25-a lacks a rational basis and must be reversed. Decision reversed, with costs to the employer and its insurance carrier against the Special Fund for Reopened Cases, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Casey and Weiss, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). The board decision appealed from specifically states "that medical reports dated February 16, 1976 and February 19, 1979, indicate a change in condition." The report of February 16, 1976, addressed to the board, describes an abscess on the lateral side of the right leg as secondary to pressure from claimant's prosthesis. Moreover, it then reports the treatment rendered and the extent and duration of further disability. This pressure area and a statement of additional disability is again referred to in the report of February 19, 1979. The date of the last payment of compensation prior thereto was December 31, 1976. Accordingly, there is substantial evidence in the record to support the board's determination that the report of February 19, 1979 indicated a change of condition and could be considered an application to reopen and thus continue the liability of the carrier. A medical report is sufficient to trigger a reopening, as long as it gives the board notice of a change of condition. The intent or purpose of the report is irrelevant, the critical element is the occasion when the board is satisfied there has been a change in condition during the three-year period (*Matter of Norton v New York State Dept. of Public Works*, 1 NY2d 844; *Matter of Totino v Helann Trucking Corp.*, 71 AD2d 736). The decision should be affirmed.