■ In the Matter of the Claim of DUANE RUSSELL, Respondent, v CARBORUNDUM COMPANY, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 13, 1983, as amended by decision filed March 6, 1984, which discharged the Special Fund for Reopened Cases from liability pursuant to section 25-a of the Workers' Compensation Law.

Claimant sustained a compensable back injury on January 10, 1972 for which he received an award and payments for disability from the self-insured employer to September 10, 1973. The case was closed by decision dated October 2, 1974 upon a finding that claimant had incurred a permanent partial disability. However, on July 21, 1975, claimant's neurologist, Dr. David Cooper, filed a medical report with the employer and with the Board, requesting authorization to perform surgery on claimant's back based on a myelogram which revealed a worsening of claimant's condition. The employer's carrier agreed and recommenced disability payments to claimant. Following the surgery, Dr. Cooper submitted additional reports describing claimant's condition. The employer continued payments to October 6, 1975, when claimant returned to work.

On March 8, 1979, claimant's physician filed a medical report with the Board showing that claimant's back ailment had flared up again. The employer notified the Board that, pursuant to section 25-a of the Workers' Compensation Law, liability for claimant's disability should be shifted to the Special Fund for Reopened Cases in that seven years had elapsed since the date of claimant's original injury and it had been three years since the date of its last payment to claimant.

By order filed May 29, 1979, the Board reopened claimant's case, based, in part, on the reports Dr. Cooper had filed in 1975. Thereafter, the decision appealed from was rendered, holding

the employer liable for both the 1975 and 1979 periods of claimant's disability and discharging the Special Fund. We affirm.

Section 25-a (subd 1, par [2]) of the Workers' Compensation Law provides for a Special Fund for Reopened Cases to assume liability from the employer and his carrier for an employee's disability "after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation". The purpose of section 25-a is to save employers and insurance carriers from liability from "stale" claims of injured employees, i.e.: " 'those where after extended periods, there has been a recurrence of malady, a progress in disease not anticipated, or a pathological development not previously prognosticated, arising out of the injury' " (*Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 369, quoting *Matter of Ryan v American Bridge Co.*, 243 App Div 496, 498).

In the instant matter, however, section 25-a is inapplicable. Relevant case law supports the Board's conclusion that claimant's physician's reports, filed with the board and the employer in 1975, which described the exacerbation of claimant's condition, served as a motion to reopen the case (see *Matter of Norton v New York State Dept. of Public Works*, 1 NY2d 844, 845) and gave sufficient notice regarding claimant's continuing disability and the employer's continuing liability to toll the provisions of section 25-a (see *Matter of Totino v Helann Trucking Corp.*, 71 AD2d 736, 737; *Matter of Costello v Industrial Container Corp.*, 20 AD2d 941, 942). Certainly, these reports served to remove the element of "staleness" from claimant's case which section 25-a was created to protect employers and their carriers against. This is particularly true since the physician's reports were filed within seven years of the date of injury and three years from the date of the employer's last payment of compensation to claimant. We conclude that the decision of the Board should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.