In the Matter of the Claim of DALE CORDELL, Appellant, v CITY OF ONEIDA YOUTH DIVISION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, May 11, 1989

**APPEARANCES OF COUNSEL**

*John S. Hogg* for appellant.

*Raymond C. Green (William L. Weinstock* of counsel), for respondents.

## OPINION OF THE COURT

Weiss, J.

Claimant sustained a compensable back injury in September 1980. The case was closed by the Workers' Compensation Board on May 11, 1983 following a lump-sum nonscheduled adjustment in the amount of $17,000, with a finding of permanent partial disability. Thereafter, in October 1985 claimant's physician filed a written request to reopen the claim due to a change in claimant's back condition and for payment of a CAT scan. The Board denied the application, finding that "the report now submitted does not show a change in medical condition not contemplated when the case was closed". In the interim, the employer's workers' compensation insurance carrier filed an objection to the CAT scan payment request. As later characterized by the Board, the case was "inadvertently" reopened and following a hearing, a Workers' Compensation Law Judge directed the carrier to resume payment of causally related medical expenses. The Board reversed this decision, finding that the lump-sum settlement barred the payment of any further benefits absent a proper reopening. Claimant has appealed.

We affirm. Pursuant to the express terms of Workers' Compensation Law § 15 (5-b), a case is closed upon a lump-sum settlement absent proof of "a change in condition or in the degree of disability of claimant * * * not contemplated at the time of the adjustment". Claimant concedes that no showing has been made to reopen the case pursuant to this statutory qualification. Nonetheless, claimant urges that a lump-sum settlement does not affect an employer's ongoing liability for medical expenses pursuant to Workers' Compensation Law § 13, which provision requires the employer to pay causally related medical expenses "for such period as the nature of the injury * * * may require" (Workers' Compensation Law § 13 [a]). Essentially, claimant maintains that a Workers' Compensation Law § 15 (5-b) settlement speaks only to the payment of compensation for lost wages, not medical expenses. The employer and its carrier counter that the settlement discontinues liability for any further payments, including medical expenses, absent a proper reopening of the case.

The issue distills to whether medical expenses are included within the concept of compensation since Workers' Compensation Law § 15 (5-b) allows for the payment of "all future *compensation*" in one lump sum (Workers' Compensation Law

§ 15 [5-b] [emphasis supplied]). Resolution of this issue is impeded by certain contradictions within the statutory scheme. "Compensation" is defined as "the money allowance payable to an employee" (Workers' Compensation Law § 2 [6]). Since "[f]ees for medical services shall be payable only to a physician" (Workers' Compensation Law § 13-f [1]) or other medical provider, not the employee, it appears that medical expenses do not fit within the quoted definition of compensation *(see,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 13 [1989 Pocket Part], at 163). Nonetheless, the opening phrase of Workers' Compensation Law § 15 (5-b), "[n]otwithstanding any other provision of this chapter", evidences a legislative design to implement comprehensive claim settlements. Moreover, other provisions refer to medical benefits as compensation. For example, Workers' Compensation Law § 12 states that compensation is not allowable "for the first seven days of disability, except the benefits provided for in section thirteen", i.e., medical benefits. Workers' Compensation Law § 13 (a) provides that payment for medical care is not considered compensation under Workers' Compensation Law § 25-a, implying that such payments are compensation for other purposes. We also note that Workers' Compensation Law § 15 (5-b) is not limited to awards payable in "periodic payments" *(cf.,* Workers' Compensation Law § 27 [2] [computation of periodic payment awards]).

While these definitional differences are not easily reconciled, we find the comprehensive nature of a Workers' Compensation Law § 15 (5-b) settlement forecloses the payment of additional medical expenses absent a proper reopening of the case. This conclusion is consistent with previous applications of the statute in which medical expenses were allowed only for uncontemplated changes in the claimant's medical condition *(see, Matter of Scheiber v Simon & Co.,* 25 AD2d 588, *affd* 19 NY2d 619; *cf., Elting v Will & Baumer Candle Co.,* 86 AD2d 709, *lv denied* 57 NY2d 602). Further support may be found in the Final Report of the Temporary State Commission on Workers' Compensation and Disability Benefits, depicting necessary changes in the Workers' Compensation Law *(see,* L 1983, ch 415). This report recommended an amendment to Workers' Compensation Law § 15 (5-b) expressly providing that lump-sum settlements not impair a claimant's right to medical benefits, as was presently the case. Notably, the statute has not been so amended.

Accordingly, since claimant acknowledges that no showing was made to substantiate a reopening of the claim, the decision of the Board must be affirmed.

MAHONEY, P. J., KANE, LEVINE and HARVEY, JJ., concur.

Decision affirmed, without costs.