In the Matter of the Claim of VERONICA M. McQUEEN, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants. SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [666 NYS2d 317] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed November 28, 1995, which, *inter alia*, ruled that the Special Fund for Reopened Cases is not liable for the claim under Workers' Compensation Law § 25-a.

Claimant, a senior typist for the State Division of Parole, sustained injuries to her neck and back in October 1984 during an automobile accident which occurred while she was en route to an agency-authorized training session. As a result, claimant was awarded workers' compensation benefits for the time she missed from work. In April 1988, upon the settlement of her third-party action, the Workers' Compensation Board closed claimant's case. No awards were made in the Board's decision as claimant had sustained no additional compensable lost time beyond November 19, 1984.

In May 1988, claimant began receiving ongoing chiropractic treatment for the injuries she had sustained in the accident. During the course of these treatments claimant continued to work. The State Insurance Fund (hereinafter the carrier) paid the costs of such treatment until January 1992, at which point it requested a hearing on the issue of Workers' Compensation Law § 25-a liability.* It was the carrier's contention that, as there had been a lapse of seven years from the date of the accident and it had been three years from the last payment of

---

* At some point the carrier resumed payments to the chiropractor without prejudice to its Workers' Compensation Law § 25-a claim pursuant to Workers' Compensation Law § 25 (1) (f) and in accordance with a 1991 agreement it had with the Special Fund for Reopened Cases.

compensation, liability for future medical payments should be shifted to the Special Fund for Reopened Cases (hereinafter the Special Fund; *see,* Workers' Compensation Law § 25-a [1]). The Board disallowed the carrier's requested relief on the ground that the payment of causally related medical treatment expenses was a payment of compensation precluding the transfer of liability. The carrier and the Division appeal.

We initially find, contrary to the Board's decision, that the payment of claimant's medical expenses did not constitute the "payment of compensation" for the purposes of determining the applicability of Workers' Compensation Law § 25-a (Workers' Compensation Law § 13 [a]; *Matter of Bratle v Socony-Vacuum Oil Co.,* 9 NY2d 870, *affg* 10 AD2d 789; *Matter of Casey v Hinkle Iron Works,* 299 NY 382, 385-386; *Matter of Cordell v City of Oneida Youth Div.,* 146 AD2d 362, 364, *lv denied* 74 NY2d 614). We further conclude that the criterion for shifting liability from the carrier to the Special Fund—the requisite passage of time (*see, Matter of Dennett v Dennett Refrig. Equip.,* 38 AD2d 659, 660)—has been met. The accident occurred on October 18, 1984 and the last payment of compensation was made on November 19, 1984. Finally, the chiropractor's reports did not indicate a change in claimant's condition and, therefore, did not constitute the reopening of the case so as to remove it from the purview of the statute (*see, Matter of Norton v New York State Dept. of Pub. Works,* 1 NY2d 844; *Matter of Loiacono v Sears, Roebuck & Co.,* 230 AD2d 351, 354; *Matter of Totino v Helann Trucking Corp.,* 71 AD2d 736, 737). If there was a reopening it occurred subsequent to the time limitations set forth in the statute. Consequently, the carrier should be discharged and liability transferred to the Special Fund.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.