■ In the Matter of the Claim of GEORGE SARTWELL, Respondent, v HERCULES, INC., Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [692 NYS2d 483] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 27, 1998, which, *inter alia*, discharged the Special Fund for Reopened Cases from liability pursuant to Workers' Compensation Law § 25-a.

In January 1968, claimant sustained injuries to his right ankle and lower back during the course of his employment. Thereafter, he filed a claim for workers' compensation benefits and, ultimately, in 1982 was classified as having a permanent partial disability. By decision dated October 4, 1991, claimant was given a lump-sum settlement and his case was closed. He also forfeited his "right for medical treatment" unless there was a subsequent material deterioration in his condition. The last payment of compensation was made on September 30, 1991.

Claimant was subsequently treated in May 1994 by Alfred Kristensen complaining of back pain and numbness in the left foot. Kristensen prepared a medical report on June 1, 1994 and forwarded same to claimant's employer with a copy to the Workers' Compensation Board. The persistence of the symptoms caused Kristensen to file a "Medical Proof of Change in Condition" with the Board on October 24, 1994. The Board formally reopened claimant's case on November 10, 1994. Following a hearing, a Workers' Compensation Law Judge ruled, *inter alia*, that the Special Fund for Reopened Cases was not liable for further payments of benefits pursuant to Workers' Compensation Law § 25-a because claimant had experienced a "subsequent material change in condition" within three years of the last payment of compensation. The Board affirmed that decision and the self-insured employer appeals.

Initially, Workers' Compensation Law § 25-a (1) provides, in relevant part, that "when an application for compensation is made by an employee * * * and the employer has secured the payment of compensation * * * (2) after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * if an award is made it shall be against the special fund". In concluding that the Special Fund was not liable for the additional award, the Board relied upon Kristensen's June 1, 1994 medical report which was prepared within three years of the last payment of compensation. The employer argues that, for purposes of determining the Special Fund's liability, the controlling dates are October 24, 1994, the date of Kristensen's "Medical Proof of Change in Condition", or October 31, 1994, the date of filing of the application to reopen, both of which occurred more than three years after the last payment of compensation. We do not agree.

We have recognized that a medical report can constitute an application to reopen provided it "sufficiently give[s] the Board notice 'of a change in [the] claimant's condition' " (*Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 354, quoting *Matter of Pucser v Allegheny Ludlum Steel Corp.*, 45 AD2d 798). "In determining whether a changed condition is shown, a medical report should not be given a strained or unreasonable interpretation" (*Matter of Tripoli v Crucible Steel Co.*, 12 AD2d 425, 427, *affd* 10 NY2d 877). Notably, "[m]edical reports should not be interpreted as a basis for an application to reopen unless it is reasonably clear that such was the intention of the doctor" (*id.*).

The record herein discloses that claimant's condition had apparently been stable from the time his case was closed in October 1991 until his visit to Kristensen in May 1994. Kristensen's June 1, 1994 report was based upon his May 1994 examination of claimant which revealed "significant degenerative changes in the upper lumbar area". Although Kristensen prescribed a conservative course of treatment, he noted that an MRI should be conducted if symptoms persisted and ordered claimant to undergo physical therapy and trial of a TENS unit. While Kristensen testified at the hearing that claimant subsequently showed some improvement, he stated that the symptoms thereafter worsened and in September 1994 were essentially the same as in May 1994. In our view, the June 1, 1994 report did not merely reflect claimant's continued disability and treatment, but rather indicated a change in claimant's condition sufficient for consideration as an application to re-

open (compare, *Matter of Bauman v Chili Furniture & Appliances*, 59 NY2d 859, *revg on dissenting mem below* 92 AD2d 974, 976, *with Matter of Loiacono v Sears, Roebuck & Co.*, *supra*, at 354). Inasmuch as the application was made within three years of the last payment of compensation, substantial evidence supports the Board's decision to discharge the Special Fund from liability on the basis that Workers' Compensation Law § 25-a is inapplicable (*see, Matter of Russell v Carborundum Co.*, 105 AD2d 541, 542, *lv denied* 64 NY2d 606). In view of our disposition, we need not consider the employer's argument that a "true closing" of claimant's case occurred on October 4, 1991.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.