■ In the Matter of the Claim of PHIL BEDER, Respondent, v BIG APPLE CIRCUS et al., Appellants, and SPECIAL FUND FOR

REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [923 NYS2d 785]—

Stein, J. Appeals (1) from a decision of the Workers' Compensation Board, filed January 14, 2010, which ruled that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a, and (2) from a decision of said Board, filed October 7, 2010, which denied the application of the employer and its workers' compensation carrier for reconsideration or full Board review.

Claimant was injured at work in 1987 and was awarded workers' compensation benefits. He was found to have a permanent total disability in 1990 and compensation payments continued until October 2005, when claimant returned to work. In May 2008, the employer's workers' compensation carrier filed three C-8.1 forms disputing bills for medical services provided on January 31, 2005, May 22, 2006 and September 17, 2007 as being untimely submitted. Beginning in November 2008, the carrier submitted various requests for further action on the claim, contending that liability should shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Following a hearing, a Workers' Compensation Law Judge found that liability did not shift to the Special Fund. On administrative appeal, the Workers' Compensation Board affirmed, finding, among other things, that the filing of the C-8.1 forms served to reopen the claim within three years from the last date of compensation, precluding the shift of liability to the Special Fund. The Board subsequently denied an application from the employer and its workers' compensation carrier for reconsideration or full Board review. These appeals ensued.

"Pursuant to Workers' Compensation Law § 25-a, liability shifts from the employer to the Special Fund where an application to reopen a closed case is made more than seven years from the date of injury and three years following the last payment of compensation" (*Matter of Iannaci v Independent Cement Corp.*, 66 AD3d 1194, 1195 [2009] [citations omitted]; *accord Matter of*

*Stranahan v Camp Adirondack*, 78 AD3d 1369, 1370 [2010]). Here, the case was closed pursuant to a stipulation by the parties and the last payment of compensation was in October 2005. The Board determined, without providing any supporting rationale, that the carrier's submission of the C-8.1 forms in May 2008 constituted an application to reopen the case within three years following the last payment of compensation and found Workers' Compensation Law § 25-a to be inapplicable.

The C-8.1 forms at issue here dispute three bills submitted by claimant's medical provider for specific treatments rendered between 2005 and 2007. There does not appear to be any objection to the necessity of the treatments or any evidence that the treatments reflect a change in claimant's condition. The only dispute that can be gleaned from the record is that the carrier contends that the bills for the treatments were not timely submitted (*see* 12 NYCRR 325-1.24 [b]). Inasmuch as the payment for continuing medical care does not bar the transfer of liability under Workers' Compensation Law § 25-a (*see generally Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 960 [2007]; *Matter of McQueen v New York State Div. of Parole*, 245 AD2d 851 [1997], *lv denied* 92 NY2d 802 [1998]), we cannot conclude that the issues raised by the C-8.1 forms, which concern only the timeliness of submitted bills for medical care, would serve to toll the time limitations of Workers' Compensation Law § 25-a. Accordingly, based upon our review of the record, we find that the Board's determination was not supported by substantial evidence and, therefore, it must be reversed (*see Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 960; *Matter of McQueen v New York State Div. of Parole*, 245 AD2d at 852).

Our decision renders the appeal from the request for reconsideration or full Board review academic.

Peters, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the decision filed January 14, 2010 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the decision filed October 7, 2010 is dismissed, as academic, without costs.