■ In the Matter of the Clam of ALBERT VITO, Respondent, v. JOSALL ROOFING COMPANY, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board discharging the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from liability. Claimant, a roofer, sustained an accidental injury to his back on June 22, 1956. The last payment of compensation, prior to reopening, was August 27, 1962. Concededly, the board's order of restoral of May 5, 1966, filed by it "on an application in claimant's behalf", and claimant's own application to reopen dated May 11, 1966, were filed more than seven years from the date of the

accident and more than three years from the last payment of compensation. The board, however, has found that a report filed by Dr. Buerkle, the attending physician, dated June 4, 1964 and filed June 8, 1964 and thus within the prescribed period, indicated a change in claimant's condition and therefore constituted a timely application to reopen. The sole question presented here is the propriety of this determination by the board. It is clear that medical reports may constitute an application to reopen even when no formal application is made by the claimant (e.g., *Matter of Norton* v. *New York State Dept. of Public Works*, 1 N Y 2d 844). However, this is so only where the report is notice to the board of a change in claimant's condition (e.g., *Matter of McKenna* v. *Elm Tremont Coal*, 9 A D 2d 458). Moreover, as we stated in *Matter of Tripoli* v. *Crucible Steel Co.* (12 A D 2d 425, 427, affd. 10 N Y 2d 877): "In determining whether a changed condition is shown, a medical report should not be given a strained or unreasonable interpretation. A doctor, when he makes out these compensation reports, does not realize the possibility of the board's interpreting them as a changed condition because of the use of some loose language on his part." The report here involved was one of a long series of routine reports filed over several years by Dr. Buerkle. Concededly, the report indicated "no change on physical findings" and the complaints attributed to the claimant therein were the usual ones that he had previously mentioned. The report, however, did differ from prior reports in the fact that it advised a course of daily physiotherapy, a lumbosacral corset, and medication for pain. Respondent, of course, stresses these recommendations as being indicative of an increase "in the intensity of the subjective complaints" and therefore "a change in the *physical condition* of the claimant." (Emphasis as in original.) Also it is claimed by respondent that the physiotherapist's report dated July 16, 1964 which indicated that claimant had reported for treatment on three occasions and that he was not working during the period of treatment is supportive of the board's decision. However, there is no actual proof of loss of work and the treatments covered only a three-day period and consisted only of 15 or 20 minutes of microwave followed by massage. On the other hand examining the report in its entirety and comparing it with the other reports submitted, it is evident that any departure was minimal. Moreover, it is highly significant that it was not until May 5, 1966, almost two years after the filing of the report and after three additional reports, all clearly indicating a change, had been submitted, that the board "recognized" the report as an indication of a change of condition (*Matter of McKenna* v. *Elm Tremont Coal, supra*, p. 460). On this state of the record the decision of the board must be reversed and the matter remitted for further proceedings not inconsistent herewith (*Matter of Gauzza* v. *Columbia Presbyterian Hosp.*, 15 A D 2d 710; *Matter of Tripoli* v. *Crucible Steel Co., supra*; *Matter of McKenna* v. *Elm Tremont Coal, supra*). Decision reversed, with costs to appellants against the Special Fund for Reopened Cases, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.