■ In the Matter of the Claim of JOHN PIZZARELLO, Respondent, v. TOWN OF HARRISON, POLICE DEPARTMENT, et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board, filed October 25, 1967, which discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. The right of the claimant to receive compensation is not in issue in this case, the question being the liability of the Special Fund. Section 25-a of the Workmen's Compensation Law provides that the Special Fund is liable to pay awards made upon the reopening of a previously closed case where the application is made after seven years from the date of injury and three years from the date of the last payment of compensation. (See *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.*, 29 A D 2d 1036.) While the transferance of liability to the Special Fund would seem relatively simple to ascertain within the language of the statute, there have been substantial issues developed in past cases as to whether or not wages were compensation (see *Matter of Reeves* v. *Pfizer & Co.*, 22 N Y 2d 950); whether or not the application for a reopening was made within seven years (see generally *Matter of Vito* v. *Josall Roofing Co.*, 29 A D 2d 798); and whether or not the case had been "closed" (see *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.*, *supra*). The parties raise all these questions in this case. The relevant facts as found by the board are as follows: "Claimant was injured on January 28, 1959. Case was closed on January 3, 1963 until there is a change in earnings or claimant's condition and a finding was made of permanent partial disability. The last payment of compensation was made on January 12, 1962. Claimant

worked without any loss of earnings until August 12, 1966. The Board Medical Examiner on January 3, 1963 found claimant has a marked permanent partial disability. Case was reopened on October 6, 1966 on the basis of a C-4 report dated June 24, 1966 and a narrative report dated June 17, 1966." The accident happened when the claimant fell, injuring his neck and back. In addition to the foregoing facts, the record contains evidence that when the claimant returned to work on June 14, 1961, he worked part time and received full wages. As of January 3, 1963 he was still working part time. A doctor's report as of June 17, 1966 indicates that the claimant was then performing "special light duty" for the employer. The board found that "there was no true closing of the case * * * as claimant had a marked partial disability and further proceedings were contemplated". It also appears to have held, or at least the Special Fund so contends, that the medical reports filed following the original closing of the case showed a change in condition and thus, these reports were an application to reopen within the seven-year period. As to whether or not this case was "closed" within the meaning of the said section 25-a, the decision of this court in *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.* (*supra*) is controlling and the finding of the board is erroneous as a matter of law. If we were to accept the interpretation of the phraseology as contended by the Special Fund, it becomes apparent that there never could be a shifting of liability and responsibility to it in cases of permanent partial disability. That certainly was not the intent of the Legislature, but the passing of time is under ordinary circumstances the test. "Continuing disability" of itself does not toll the running of time as to Special Fund nor does medical treatment. The factor of a continuing disability is only relevant to the question of whether or not there was a payment of compensation within three years of the reopening. Also, the medical reports filed within the seven-year period and following the closing of the case are insufficient to indicate a change in medical condition such as would constitute an application for a reopening of the case. (*Matter of Vito* v. *Josall Roofing Co., supra.*) The letter of January 5, 1966, upon which Special Fund relies, refers to "exacerbations" and states: "Examination reveals findings as in the past." The additional letters mentioned in the decision of the board state in words or substance that the patient's condition remains the same or "essentially the same". These reports, as found by the board, indicate a continuing disability, but they do not reveal any new condition, as claimed by the Special Fund, and which would constitute an application for a reopening. The board did not make any finding — not necessary in view of its decision — as to whether or not the payment of full wages could have been payment of compensation, which issue was raised by Special Fund on the carrier's application for review, and, accordingly, the case must be remitted for further development of the record on this issue. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Herlihy, J.