■ In the Matter of the Claim of GERALD KNAPP, Respondent, v EMPIRE ALUMINUM INDUSTRIES et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 861] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed January 23, 1996, which discharged the Special Fund for Reopened Cases from liability.

Claimant sustained a back injury in February 1985 for which he received workers' compensation benefits until he returned to work several months later. Thereafter, in 1986, the Workers' Compensation Board authorized continued symptomatic treatment and closed claimant's case without determining the degree of his disability. The Board subsequently reopened the case in 1994 to consider the issue of permanency and, following a hearing, awarded claimant additional benefits based upon a finding that he suffered from a permanent partial disability. The Board further found that the closing of claimant's case was not a true closing within the meaning of Workers' Compensation Law § 25-a and discharged the Special Fund for Reopened Cases from liability. The employer and its workers' compensation insurance carrier appeal.

Inasmuch as substantial evidence supports the Board's decision that claimant's case was not officially closed for purposes of Workers' Compensation Law § 25-a, we affirm. Whether a case has been officially closed so as to shift liability to the Fund under Workers' Compensation Law § 25-a is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing (*see, Matter of Kirschner v Rowe, Walsh Assocs.*, 144 AD2d 191, 192; *Matter of McGarry v Capatano & Grow Constr. Co.*, 58 AD2d 372, 374, *affd* 44 NY2d 946). The record here reveals that although claimant's treating physician had filed a report with the Board indicating that claimant suffered from a permanent partial disability, the Board closed the case without resolving the issue of permanency and did not refer claimant to a Board physician for examination until after the case was reopened. Since the closing in this case contemplated further proceedings to establish the degree of claimant's disability, the record supports the Board's conclusion that Workers' Compensation Law

§ 25-a was inapplicable (*see generally*, *Matter of Pietrocola v Colony Liq. Distribs.*, 177 AD2d 776).

Cardona, P. J., Mercure, White and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.