■ In the Matter of the Claim of DENNIS J. DAVIS, Claimant, v T.J. MADDEN CONSTRUCTION COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [744 NYS2d 546] —Lahtinen, J. Appeal from a decision of the Workers' Compensation

Board, filed April 25, 2000, which, inter alia, discharged the Special Fund for Reopened Cases from liability pursuant to Workers' Compensation Law § 25-a.

Claimant injured his right knee in a work-related accident in February 1988. The resulting workers' compensation case was closed in April 1989 upon a finding that claimant had suffered a 10% loss of use of his knee. A second compensation case stemming from a June 1, 1992 work-related injury to the same knee concluded in September 1995 with a finding that claimant had suffered a 15% overall loss of use of his knee with 5% of the loss attributable to the second accident.

In April 1999, claimant filed an application to reopen the 1988 case supported by Charles Goodnaugh's medical report indicating a change in the condition of his knee requiring further surgery. In July 1999, the workers' compensation carrier in the 1988 case requested that compensation liability be shifted to the Special Fund for Reopened Cases (see, Workers' Compensation Law § 25-a) and that the 1992 case be reopened to resolve the issue of apportionment. Following a hearing, the Workers' Compensation Law Judge issued an amended decision discharging Travelers Property Casualty, the workers' compensation carrier in the 1992 case, from liability pursuant to Workers' Compensation Law § 25-a. Upon review, the Workers' Compensation Board reversed and discharged the Special Fund from liability and placed Travelers back on notice. This appeal by the employer and Travelers followed.

Under Workers' Compensation Law § 25-a, liability for further compensation will be shifted to the Special Fund and away from a workers' compensation carrier when seven years have passed since the date of the claimant's injury and three years have lapsed since the claimant was last compensated (see, Workers' Compensation Law § 25-a [1]; see also, Matter of Dumont v Nestle Co., 286 AD2d 804, 804-805). The issue here is whether the 1992 case was reopened within seven years of claimant's June 1992 injury. The Board determined that the case was reopened in April 1999, when claimant filed his application to reopen the 1988 case supported by Goodnaugh's medical report indicating a change in condition to claimant's knee. In contrast, the employer and Travelers contend that the case was not reopened until July 1999, when the carrier in the 1988 case specifically asked that the 1992 case be reopened.

"While medical reports can constitute an application to reopen, such reports must sufficiently *give the Board notice* 'of a change in [the] claimant's condition' " (*Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 354, quoting *Matter of*

*Pucser v Allegheny Ludlum Steel Corp.*, 45 AD2d 798, 798 [emphasis supplied]). Although Goodnaugh's report does not explicitly reference the 1992 case, it clearly makes reference to the change of condition to claimant's right knee. Given that the records of the Board consistently treat the cases synonymously with one another, that both cases deal with injuries to the same knee and that claimant's 15% overall loss of use of his right knee was previously apportioned 10% to the 1988 case and 5% to the 1992 case, the Board's conclusion that claimant's application to reopen the 1988 case was also sufficient notice to the Board of claimant's application to reopen his 1992 case is not " 'a strained or unreasonable interpretation' " of Goodnaugh's medical report (*Matter of Vito v Josall Roofing Co.*, 29 AD2d 798, 799, quoting *Matter of Tripoli v Crucible Steel Co.*, 12 AD2d 425, 427, *affd* 10 NY2d 877). Accordingly, there is substantial evidence to support the Board's factual determination that an application to reopen the 1992 case was made within seven years of claimant's injury and that finding should not be disturbed (*see*, *Matter of Dumont v Nestle Co.*, *supra* at 805; *Matter of Klouse v City of Albany*, 194 AD2d 941, 943; *Matter of Ash v Native Laces & Textiles Co.*, 85 AD2d 822, 822).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.