■ In the Matter of the Claim of VANESSA JONES, Respondent, v HSBC, Formerly Known as MARINE MIDLAND BANK, et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [757 NYS2d 368] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed July 17, 2001, which directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases.

In September 1991, claimant sought treatment for right hand and wrist pain developed through repetitive keyboarding during her employment as an accounts clerk for Marine Midland Bank (hereinafter the employer). The employer's workers' compensation carrier accepted the claim. Claimant was diagnosed with carpal tunnel syndrome of the right hand, which was treated with splints and ibuprofen. The Workers' Compensation Board established her claim as an occupational

disease. Claimant continued treatment for right wrist pain, also noting shoulder pain. In September 1994, claimant underwent carpal tunnel surgery. In follow-up appointments, she noted continued pain in her right upper and lower arm. From March 1995 through mid-August 1995, while treating for her right hand and wrist pain, she complained of aches in her left arm, pain in her elbows and wrists, numbness in her right fingers and problems with her right thumb. No new diagnoses were made, and treatment for pain continued with use of splints and ibuprofen. A final adjustment hearing on August 28, 1995 resulted in a notice of decision awarding claimant a 15% schedule loss of use of her right hand, establishing the date of disablement as June 3, 1991, and closing the case.

From 1995 until September 22, 1998, claimant continued to follow up with physicians for her wrist pain. Throughout this time, although she raised concerns over pain in both wrists, hands, thumbs, elbows and shoulders, no new diagnoses were made and the treatment regimen remained the same. By letter dated July 17, 1998, apparently mailed on September 16, 1998, and filed by the Board on September 18, 1998, the carrier notified the Board that the Special Fund for Reopened Cases (hereinafter Fund) was responsible for any further medical payments, pursuant to Workers' Compensation Law § 25-a. On September 22, 1998, claimant reported increased pain, swelling on both wrists and a cyst on the left side. This information, as determined by her physician, led to several bilateral diagnoses related to a repetitive motion disorder which resulted from performing her job duties.

In October 1998, claimant filed a new claim for compensation relating to her left wrist, hand and forearm. At a hearing held on May 17, 2000, at which a representative of the Fund was present, the Board modified the original claim to include claimant's left hand, both elbows and both thumbs. The applicability of Workers' Compensation Law § 25-a was held in abeyance. No appeal was filed from that decision. After a hearing held on February 14, 2001, the Administrative Law Judge held that Workers' Compensation Law § 25-a applied, requiring the Fund to cover all treatment that occurred after September 11, 1998. The Fund now appeals from the Board's affirmance of that decision. Since we find that the Board's determination is supported by substantial evidence, we affirm.

Workers' Compensation Law § 25-a (1) provides that the Fund must cover any payments if a case is reopened more than seven years following the injury and three years following the last payment of compensation. The Fund first contends that

claimant's case was not truly closed on September 7, 1995 because outstanding issues regarding additional symptoms remained. The determination of whether a case is truly closed for purposes of Workers' Compensation Law § 25-a is an issue of fact to be resolved by the Board, and its determination will not be disturbed if supported by substantial evidence (*see Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763 [2003]). Such a determination turns on whether further proceedings were contemplated at the time the matter was closed (*see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 385 [1949]; *Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909, 910 [2001], *lv dismissed and denied* 98 NY2d 669 [2002]; *Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811 [1998]). The existence of the employer's potential liability for future treatment, or the possibility that the claimant's condition could deteriorate resulting in the case reopening, does not mean that the matter was not fully closed (*see Matter of Andrus v Purolator Prods., supra* at 763-764). While claimant had informed her physicians of additional symptoms, there were no new diagnoses and no different treatment was contemplated. As all temporary rates were made permanent and there was no protracted healing period, the Board fully closed claimant's case on September 7, 1995.

The Fund next contends that claimant's case was reopened. Payment for medical treatment does not constitute payment of compensation for purposes of determining the time periods under Workers' Compensation Law § 25-a (*see Matter of Casey v Hinkle Iron Works, supra* at 386; *Matter of McQueen v New York State Div. of Parole*, 245 AD2d 851, 852 [1997], *lv denied* 92 NY2d 802 [1998]). Subsequent to September 7, 1995, the carrier paid for medical treatment consisting of follow-up appointments regarding claimant's established case, which would not reopen the case.

A medical report may be deemed an application to reopen if the report gives the Board sufficient notice of a change in a claimant's condition, as opposed to simply indicating continued disability and treatment (*see Matter of Davis v Madden Constr. Co.*, 295 AD2d 826, 827 [2002]; *Matter of Sartwell v Hercules, Inc.*, 262 AD2d 766, 767 [1999]; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 354 [1997]). Reports should not be given a strained interpretation, but should only be interpreted as a basis to reopen if that was clearly the doctor's intention (*see Matter of Loiacono v Sears, Roebuck & Co., supra* at 354; *Matter of Tripoli v Crucible Steel Co. of Am.*, 12 AD2d 425, 427 [1961], *affd* 10 NY2d 877 [1961]). Claimant's medical

records indicate that she made vague complaints of pain in areas other than her right wrist or hand, but no diagnosis of any other body parts was made, nor were any different treatment regimens prescribed, until after the carrier made the request under Workers' Compensation Law § 25-a. Where the medical reports are consistent and indicate that the diagnosis and treatment are maintaining the status quo, reports indicating increased pain do not lead to a change in condition which would reopen the case (*see Matter of Ammirata v Weidy*, 34 AD2d 717 [1970], *affd* 28 NY2d 564 [1971]).

The Fund's remaining arguments are unpersuasive. The Board did not file the request to reopen until after September 11, 1998, after the requisite Workers' Compensation Law § 25-a time periods had elapsed. Despite the Board's brevity, we find that it provided enough factual basis to support its decision (*see Matter of Foos v Bausch & Lomb*, 181 AD2d 951, 953 [1992]).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.