■ In the Matter of the Claim of KAREN BUFFUM, Respondent, v SYRACUSE UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 155]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 3, 2003, which denied the self-insured employer's request for further findings with respect to a Board-approved stipulation.

After sustaining work-related injuries to her right arm in

1999, claimant's workers' compensation case was established and benefits awarded. In January 2002, claimant and her self-insured employer entered into a written stipulation resolving outstanding issues of schedule loss of use and permanency. After a discussion on the record, the Workers' Compensation Law Judge approved the stipulation and thereafter memorialized it in a decision. The employer sought review of this decision on the ground that it erroneously labeled the status of the claim as "no further action" instead of indicating that the case was "closed" pursuant to the terms of the stipulation. The Workers' Compensation Board declined to disturb the Workers' Compensation Law Judge's decision, prompting this appeal.

The employer's sole contention is that the Board's use of the term "no further action" is not supported by statute or regulation and will create "unnecessary uncertainty" with respect to a potential, future shifting of liability from the employer to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. We are unpersuaded by the employer's argument that liability under that statute may not shift because of the subject language used by the Board. Courts have held that the true status of a case for the purpose of determining the applicability of this provision cannot be ascertained merely by looking at the particular terminology employed by the Board (*see Matter of Scalesse v Printing Adv. Corp., Enters. Print. Div.*, 30 NY2d 234, 237 [1972]; *Matter of Stoever v Sheraton Astor W.L. Hotel Operating Co.*, 29 AD2d 597, 598 [1967]). As the Board itself recognized, the designation "no further action" generally signals nothing more than its intent that the case be deemed currently inactive; it is not dispositive on the issue of closure (*see* Workers' Compensation Law § 123).

In the event Workers' Compensation Law § 25-a is invoked, a fact-based determination will be made as to whether further proceedings were actually contemplated by the Board at the time the matter was purportedly closed (*see Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]; *Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763-764 [2003]; *Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909, 910 [2001], *lv dismissed and denied* 98 NY2d 669 [2002]; *Matter of Kirschner v Rowe, Walsh Assoc.*, 144 AD2d 191, 191-192 [1988]). Simply stated, neither the term "closed" nor the phrase "no further action" is necessarily dispositive on the issue of whether a case is "truly closed" (*see Matter of Jones v HSBC, supra* at 866). In the instant matter, nothing in the stipulation itself or the record as a whole suggests that the Board's assignment of "no further action" status to the claim was intended to have any effect on the

clear terms of the stipulation or the future rights of the employer under Workers' Compensation Law § 25-a.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.