■ In the Matter of the Claim of RICHARD STEVENS, JR., Respondent, v MMR CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 461]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed December 5, 2002, which discharged the Special Fund for Reopened Cases from liability pursuant to Workers' Compensation Law § 25-a.

Claimant suffered a work-related injury to his back in 1989 and thereafter received workers' compensation benefits. In October 1994, following a hearing, a Workers' Compensation Law Judge found that claimant had lost no compensable time between May 1990 and September 1994 and, after resolving a notice of controversy in favor of the medical provider without prejudice, declared the case to be closed. However, the 1989 claim was subsequently reopened to determine issues of apportionment between it and a new claim established for back injuries sustained by claimant in 1996. In 2001, a medical consultant retained by the employer and its workers' compensation carrier opined that claimant's back injuries should be apportioned 25% to the 1996 injury and 75% to preexisting injuries, including the original 1989 claim. In 2002, a Workers' Compensation Law Judge rejected the carrier's argument that the 1994 decision had closed the 1989 claim for purposes of

Workers' Compensation Law § 25-a and, thus, found that the carrier, not the Special Fund for Reopened Cases, would continue to be liable for future benefit awards. The Workers' Compensation Board affirmed, prompting this appeal.

As we find that substantial evidence supports the Board's decision that claimant's case was not truly closed so as to trigger the liability-shifting provisions of Workers' Compensation Law § 25-a, we must affirm. It is undisputed that more than seven years have elapsed since claimant's 1989 injury, and that no compensation has been paid to claimant therefor for more than three years and the Fund must cover any payments if a closed case is reopened after those time periods (*see* Workers' Compensation Law § 25-a [1]). However, "[w]hether a case has been officially closed so as to shift liability to the Fund under Workers' Compensation Law § 25-a is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing" (*Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811 [1998]; *see Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]).

Here, the record contains a September 1994 medical narrative submitted by claimant's treating orthopedist, stating that claimant's back injury should be apportioned 50% to his 1989 established claim and 50% to an earlier, nonwork-related automobile accident. As this evidence sufficiently supports the Board's factual conclusion that further proceedings on the issue of apportionment were contemplated with regard to claimant's initial claim, we discern no reason to disturb the Board's decision (*see Matter of Dumont v Nestle Co.*, 286 AD2d 804, 805 [2001]; *Matter of Knapp v Empire Aluminum Indus., supra* at 811; *see also Matter of Buffum v Syracuse Univ.*, 12 AD3d 887 [2004]; *Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827, 828 [2004]). We have considered the carrier's remaining argument and conclude that it is meritless.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.