■ In the Matter of the Claim of DANIEL MACKEY, Respondent, v MURRAY ROOFING et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 434]—

Crew III, J.P. Appeal from an amended decision of the Workers' Compensation Board, filed July 19, 2004, which directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases.

Claimant sustained a work-related back injury in April 1993

and thereafter began receiving workers' compensation benefits. In August 1998, claimant was classified as having a permanent partial disability and ongoing awards were ordered. Claimant continued to receive benefits until July 2000, at which time the workers' compensation carrier requested suspension of benefit payments based upon claimant's felony conviction and resulting incarceration. A hearing ensued in November 2001, at the conclusion of which a Workers' Compensation Law Judge (hereinafter WCLJ) granted the carrier's request to suspend payments as of July 13, 2000.

Following his release from prison in July 2003, claimant resumed medical treatment and applied to have his case reopened. At the conclusion of the hearing that followed in November 2003, the WCLJ applied Workers' Compensation Law § 25-a and, accordingly, held the Special Fund for Reopened Cases liable for claimant's benefits. Although a panel of the Workers' Compensation Board initially reversed the WCLJ's decision, it ultimately issued an amended decision affirming the WCLJ's application of Workers' Compensation Law § 25-a. This appeal by the Special Fund ensued.

The case law makes clear that "whether a case is truly closed for purposes of Workers' Compensation Law § 25-a is an issue of fact to be resolved by the Board, and its determination will not be disturbed if supported by substantial evidence" (*Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]; *see Matter of Stevens v MMR Corp.*, 13 AD3d 1002, 1003 [2004]). Such a determination, in turn, hinges upon whether further proceedings are contemplated at the time the case purportedly is closed (*see Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811 [1998]), and "the main criterion for the transfer of liability to the Special Fund is the requisite passage of time" (*Matter of McGarry v Capatano & Grow Constr. Co.*, 58 AD2d 372, 374 [1977], *affd* 44 NY2d 946 [1978]). To that end, the language utilized by the Board is not dispositive (*see Matter of Buffum v Syracuse Univ.*, 12 AD3d 887, 888 [2004]), and "[t]he existence of the employer's potential liability for future treatment, or the possibility that the claimant's condition could deteriorate resulting in the case reopening, does not mean that the matter was not fully closed" (*Matter of Jones v HSBC, supra* at 866).

Here, given that the requisite periods of time had elapsed (*see* Workers' Compensation Law § 25-a [1]), the issue distills to whether the record as a whole contains substantial evidence to support the Board's finding that claimant's case truly was closed. In our view, it does. A review of the November 2001 hearing transcript reveals that the requested suspension of

benefits was granted, and the mere fact that claimant might, at some point in the future, seek a modification or restoration of his benefits does not preclude a finding that the case was closed at that time for purposes of Workers' Compensation Law § 25-a (*see Matter of McGarry v Capatano & Grow Constr. Co., supra* at 374-375). The Special Fund's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain and Mugglin, JJ., concur. Ordered that the amended decision is affirmed, without costs.