■ In the Matter of the Claim of MILDRED HANTZ, Respondent, v BRIGHTMAN AGENCY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 199]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 15, 2004, which directed that awards of compensation be paid by the Special Fund for Reopened Cases.

Claimant, a registered nurse, suffered a compensable back injury in November 1993. Because she lost no time from work, no award of compensation was directed, symptomatic treatment was authorized and the case was closed in April 1994. Although claimant received chiropractic treatment on a regular basis

through June 2004, no medical narratives explaining a change in her condition were submitted by her chiropractor. In 2002, an issue arose regarding the transfer of liability from the employer and its workers' compensation carrier, the State Insurance Fund (hereinafter collectively referred to as SIF), to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. After a hearing in August 2002, a workers' compensation law judge (hereinafter WCLJ) authorized symptomatic treatment "without prejudice to [section 25-a]," and stated that "[n]o further action is planned by the [Workers' Compensation] Board at this time."

At a hearing in February 2003, claimant—evidently for the first time—made a claim for compensable lost time. The WCLJ directed a compensation award retroactive to June 1996 in excess of $51,000 and further directed SIF to continue payments, deciding the Workers' Compensation Law § 25-a issue adversely to SIF. Upon SIF's application for Board review, the Board rescinded the award of compensation, determined that Workers' Compensation Law § 25-a was applicable, and directed that the Special Fund be liable for any further awards of compensation. The Special Fund appeals.

Generally, liability rests with the Special Fund when an application is made for compensation after a lapse of seven years from the date of injury and three years from the last payment of compensation (see Workers' Compensation Law § 25-a [1]). Inasmuch as the benefits awarded to claimant were for treatment and not lost wages, "compensation" was never awarded for purposes of section 25-a (see Workers' Compensation Law § 13 [a]). Moreover, it is undisputed that claimant's request for compensation for lost wages was made more than seven years after the injury. Thus, the determination whether liability for compensation was properly shifted to the Special Fund turns on whether the case was reopened to consider an application for compensation prior to November 2000 (seven years after the injury) and, if so, whether it was closed thereafter. The Board concluded, among other things, that the case was not reopened until 2002 and, thus, section 25-a applies here.

The Special Fund concedes that this case was closed in April 1994, but contends that medical reports submitted by claimant's treating chiropractor beginning in November 1995 can be interpreted only as applications to reopen. A medical report that gives the Board sufficient notice of a change in a claimant's medical condition may be deemed an application to reopen a case (see Matter of Jones v HSBC, 304 AD2d 864, 866 [2003]; Matter of Davis v Madden Constr. Co., 295 AD2d 826, 827

[2002]). Nonetheless, "[r]eports should not be given a strained interpretation, [and] should . . . be interpreted as a basis to reopen [only] if that was clearly the doctor's intention" (*Matter of Jones v HSBC, supra* at 866).

Here, the C-4 forms relied upon by the Special Fund in asserting that the case was reopened in November 1995 differ from prior reports filed by claimant's chiropractor only to the extent that boxes indicating that claimant is not working and totally disabled are checked. In prior C-4 forms, the chiropractor checked boxes indicating that claimant was working and partially disabled. The question whether claimant could do any type of work was consistently left blank, however, and narratives provided by SIF's physicians indicate that claimant was either working part time or performing volunteer work through September 1997. In addition, claimant's diagnosis and treatment description in the C-4 forms remained the same and, as the Board noted, there is no description of how claimant's physical condition had changed, if at all. Under these circumstances, we conclude that substantial evidence supports the Board's determination that the C-4 forms submitted in November 1995 and thereafter did not constitute an application to reopen (*see id.* at 866-867; *Matter of McQueen v New York State Div. of Parole*, 245 AD2d 851, 852 [1997], *lv denied* 92 NY2d 802 [1998]; *Matter of Ammirata v Weidy*, 34 AD2d 717, 718 [1970], *affd* 28 NY2d 564 [1971]; *Matter of Pizzarello v Town of Harrison, Police Dept.*, 31 AD2d 878, 879 [1969]; *cf. Matter of Davis v Madden Constr. Co., supra* at 828; *Matter of Sartwell v Hercules, Inc.*, 262 AD2d 766, 767-768 [1999]).

Moreover, even assuming that the medical report constituted an application to reopen the case in 1995, the Special Fund concedes that if the case was subsequently closed in August 2002, Workers' Compensation Law § 25-a would be applicable thereafter upon a further application for compensation. Whether a case has been truly closed "is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing" (*Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811 [1998]; *see Matter of Jones v HSBC, supra* at 866). Here, the case was reopened in August 2002 only to consider the issue of shifting liability pursuant to section 25-a; there is no suggestion in the record that there were any other outstanding issues to be resolved. In the absence of any indication that further proceedings, aside from the issues related to section 25-a, were contemplated at that time, substantial evidence further supports the Board's determination that the case was truly closed in 2002 (*see Matter of*

*Jones v HSBC, supra* at 866; *cf. Matter of Knapp v Empire Aluminum Indus., supra* at 811; *see generally Matter of Andrus v Purolator Prods.,* 301 AD2d 762, 764 [2003]).

The Special Fund's remaining contentions have been considered and found to be lacking in merit.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.