■ In the Matter of the Claim of JANET COOK, Respondent, v OLSTEN STAFFING et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [817 NYS2d 709]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 11, 2005, which directed that benefits be paid by the Special Fund for Reopened Cases.

Claimant sustained injuries to her back and face in a 1994 work-related accident. In 1997, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant $2,500 for a permanent facial disfigurement, found no compensable lost time, directed the employer to continue to pay for symptomatic treatment for her back injury and closed the case. The case was reopened in 2000 at the employer's request to resolve the issue of medical reports indicating a possible change in claimant's condition and her potential entitlement to benefits. A hearing was held in October 2000, and a WCLJ thereafter ruled that the issues raised by the employer were resolved, and directed the employer to continue to pay for claimant's causally related medical treatment. The decision further stated that "[n]o further action is planned by the Board at this time." In 2004, claimant sought compensation for lost time from 1998 forward and the case was again presented to a WCLJ. At that time, the Special Fund for Reopened Cases was placed on notice regarding Workers' Compensation Law § 25-a liability. Finding that there was an unresolved issue from the October 2000 hearing, the WCLJ

ruled that the case was not truly closed in 2000 and, thus, Workers' Compensation Law § 25-a liability would not shift to the Special Fund. Upon review, the Workers' Compensation Board modified the determination, holding that the case was closed in 2000 and that the requirements of Workers' Compensation Law § 25-a had been met. The Special Fund now appeals.

Workers' Compensation Law § 25-a (1) provides that liability shifts to the Special Fund "if a case is reopened more than seven years following the injury and three years following the last payment of compensation" (*Matter of Jones v HSBC*, 304 AD2d 864, 865 [2003]; *see Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763 [2003]). Whether a case has been truly closed is a question of fact for the Board, the determination of which depends upon whether further proceedings were contemplated at the time of the purported closing (*see Matter of Hantz v Brightman Agency*, 29 AD3d 1098, 1099 [2006]; *Matter of Mackey v Murray Roofing*, 24 AD3d 1149, 1150 [2005]; *Matter of Jones v HSBC, supra* at 866). Here, we find that the Board's conclusion that the case was truly closed in 2000 is supported by evidence in the record in that all pending issues had been resolved and further proceedings were not anticipated (*see id.*). We have considered the other arguments presented and find them unpersuasive. Accordingly, we will not disturb the Board's determination.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.