■ In the Matter of the Claim of PHILLIP J. BARKER, Respondent, v BUFFALO COLOR CORPORATION et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. [822 NYS2d 163]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 14, 2005, as amended by decision filed October 7, 2005, which ruled that Workers' Compensation Law § 25-a does not apply.

Claimant sustained a work-related injury in 1994 and filed a claim for workers' compensation benefits at that time. The employer voluntarily paid claimant's benefits until the case was closed in 1996. In 1999, the case was reopened and claimant was awarded further benefits. When claimant sought authorization for an MRI in 2003, the employer raised the issue of shifting liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found this section inapplicable. The employer again raised the issue of shifting liability to the Special Fund when claimant sought authorization for surgery following the MRI and the WCLJ again determined that section 25-a did not apply. Upon review, the Workers' Compensation Board upheld the WCLJ's decision, prompting this appeal. The Board subsequently issued two amended decisions, resulting in the same conclusion.

Although the employer only filed a notice of appeal from the initial Board decision, we will exercise our discretion to overlook this error and treat this as valid notice of an appeal from the second amended decision of October 7, 2005 (*see* CPLR 5520 [c]; *Gutman v Savas*, 17 AD3d 278, 278-279 [2005]; *Matter of Belfiore v University of Rochester*, 13 AD3d 739, 740 [2004]; *Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 277 AD2d 782, 783 [2000], *lv denied* 96 NY2d 708 [2001]). Turning to the merits, we are satisfied that the Board's factual determination that the case was never truly closed is supported by substantial evidence (*see Matter of Stevens v MMR Corp.*, 13 AD3d 1002, 1003 [2004]; *Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827, 828 [2004]). Inasmuch as the 1999 decision specifically stated that the case was continued, it remained open in 2003 at the time that claimant requested authorization for the MRI and the employer raised the section 25-a issue. Furthermore, the decision authorizing the MRI did not constitute a true closing of the case as claimant's future treatment depended upon the results of the MRI and, thus, further action was contemplated although not "planned" at that time (*see Matter of Carubia v Colt Indus. [Crucible Steel], supra* at 828; *Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909, 910 [2001], *lv dismissed and denied* 98 NY2d 669 [2002]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.