■ In the Matter of the Claim of PAUL STANFORD, Respondent, v LEWIS COUNTY OPPORTUNITIES, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [822 NYS2d 341]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed February 10, 2005, which determined that Workers' Compensation Law § 25-a is inapplicable.

Claimant suffered a compensable back injury in March 1993 while in the course of his employment with Lewis County Opportunities. In June 1995, after claimant underwent back surgery, Lewis County Opportunities filed a notice of its right to reimbursement of compensation payments which indicated that claimant had concurrent employment with the Watertown Daily Times. The case was subsequently closed in 1996 without the issue of concurrent employment being determined. Thereafter, in December 2003, claimant's surgeon requested authorization to perform another surgical procedure and a hearing regarding that issue was conducted in October 2004. In the course of that proceeding, claimant's alleged concurrent employment at the time of his injury was addressed, as well as the potential liability of the Special Funds Conservation Committee under Workers' Compensation Law § 25-a. Notably, that statutory provision imposes liability on the Special Funds in matters where a workers' compensation case has been fully closed and certain time periods have elapsed.* Although the Special Funds was initially found liable herein, a Workers' Compensation Board panel ultimately found that claimant's case was not "truly closed" in 1996 and, therefore, liability did not shift to the Special Funds. Lewis County Opportunities, through its workers' compensation carrier, now appeals.

We find that there is substantial evidence in the record supporting the Board's factual finding that the subject case was not fully closed in 1996 (*see Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]). Significantly, a case is not "truly closed" if further proceedings are contemplated at the time of the closing (*Matter of Jones v HSBC, supra* at 866; *see Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811 [1998]; *Matter of McGarry v Capatano & Grow Constr. Co.*, 58 AD2d 372, 374 [1977], *affd* 44 NY2d 946 [1978]). Here, the record indicates that the issue of concurrent employment remained unresolved when the case

---

* Pursuant to statute, the Special Funds is liable for any payments if a closed case is reopened more than seven years following the injury and three years following the last payment of compensation (*see* Workers' Compensation Law § 25-a [1]).

was closed in 1996 and, therefore, we find no basis to disturb the Board's decision that Workers' Compensation Law § 25-a is inapplicable (*see Matter of Stevens v MMR Corp.*, 13 AD3d 1002, 1003 [2004]).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.