■ In the Matter of the Claim of GLEN WASHBURN, Claimant, v BOB HOOEY CONSTRUCTION COMPANY et al, Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 696]—

Mugglin, J. Appeals (1) from a decision of the Workers' Compensation Board, filed February 7, 2005, which ruled that Workers' Compensation Law § 25-a did not apply, and (2) from a decision of said Board, filed November 3, 2005, which denied the employer's request for reconsideration or full Board review.

Claimant was unable to work from May 1991 until February 2001 and received workers' compensation benefits for an established injury to his chest and left shoulder. From then until March 2004, claimant had no compensable lost time but he continued to receive treatment for his neck. Following a motor vehicle accident in March 2003—and reinjury to his neck—he again applied for workers' compensation benefits as of March 22, 2004. Based on voluminous treatment records, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the original claim to include established injuries to claimant's neck and back and, based on claimant's continuous treatment for these injuries, all of which were paid for by the workers' compensation carrier, denied the carrier's application pursuant to Workers' Compensation Law § 25-a to shift liability for future payments to the Special Funds Conservation Committee. The Workers' Compensation Board affirmed this determination and also denied the carrier's application for reconsideration or for full Board review. The employer and the carrier now appeal both decisions.

Workers' Compensation Law § 25-a (1) provides that the Special Fund must cover any payments if a case is reopened more than seven years following the injury and three years following the last payment of compensation. As claimant's injury occurred more than seven years in the past and three years had lapsed since compensation payments were made to him, the employer and carrier assert that the Board erred and that its refusal to correct this error by full Board review was arbitrary and capricious and an abuse of discretion. We disagree. Whether Workers' Compensation Law § 25-a is applicable depends upon whether the case has been officially closed (*see Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811 [1998]). Whether or not a case has been closed is a factual determina-

tion to be made by the Board and it will not be disturbed if it is supported by substantial evidence (*see Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]). Although the WCLJ, in 2001, stated " '[n]o further action is planned by the Board at this time,' " the record reflects that further proceedings were contemplated (*see Matter of Barker v Buffalo Color Corp.*, 32 AD3d 1138, 1139 [2006]). Not only was claimant advised by the WCLJ at that 2001 hearing that if pain in his neck prevented him from working in the future he should contact the Board, but the record contains many references supporting the Board's conclusion that questions existed as to the extent of claimant's neck injuries after February 2001 and before his motor vehicle accident in March 2003. As substantial evidence exists to support the Board's conclusion, the denial of the request for reconsideration or full Board review was not arbitrary, capricious or an abuse of discretion (*see Matter of Cagle v Judge Motor Corp.*, 31 AD3d 1016, 1018 [2006], *lv dismissed* 7 NY3d 922 [2006]).

Peters, J.P., Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.