■ In the Matter of the Claim of ROBERT BATES, Respondent, v FINGER LAKES TRUCK RENTAL et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 234]—

Kane, J. Appeals (1) from a decision of the Workers' Compensation Board, filed April 25, 2005, which ruled that Workers' Compensation Law § 25-a did not apply, and (2) from a decision of said Board, filed August 14, 2006, which denied the employer's request for reconsideration or full Board review.

Claimant was rendered a quadriplegic as a result of a 1970 work-related accident. The Workers' Compensation Board classified him with a permanent total disability and awarded him weekly compensation and medical benefits. In 2000, claimant's employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed an application to reopen claimant's case, alleging that claimant was no longer eligible to receive weekly benefits due to his earnings from a business he owned and worked for. Claimant then sought additional amounts toward the costs of his home healthcare services. In March 2002, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that the carrier was required to continue paying claimant compensation benefits at the previous rate and increased the weekly payment toward home healthcare services to $1,300. To avoid impending appeals and further litigation, claimant and the carrier reached a settlement agreement pursuant to Workers' Compensation Law § 32, which was approved by the Board in April 2002. The agreement provided, as relevant here, that the WCLJ's findings were rescinded, claimant's earnings disqualified him from receiving a benefit award as of August 20, 2000, the carrier was required to pay $1,300 per week for claimant's home healthcare expenses from 1999 forward, and the agreement was only subject to review or reopening to adjust the home healthcare requirements if an unexpected and significant change developed in the nature and extent of claimant's healthcare requirements.

In September 2003, the carrier applied for a finding pursuant to Workers' Compensation Law § 25-a that all liability for claimant's case should shift to the Special Fund for Reopened Cases. The WCLJ found that Workers' Compensation Law § 25-a did not apply here. Finding that claimant's case was not truly closed, the Board affirmed, and thereafter denied the carrier's request for reconsideration or full Board review. The carrier appeals from both of the Board's decisions.

"Workers' Compensation Law § 25-a shifts liability to the Special Fund when a case is closed and reopened 'after a lapse of seven years from the date of injury and three years from the

last payment of compensation' " (*Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006], quoting *Matter of Hantz v Brightman Agency*, 29 AD3d 1098, 1099 [2006]). Although those time periods have been met here, Workers' Compensation Law § 25-a is only applicable if the case was truly closed (*see Matter of Washburn v Bob Hooey Constr. Co.*, 39 AD3d 956, 957 [2007]; *Matter of Granberry v JCCA Edenwald, Inc.*, *supra* at 1103). Whether and when a case is truly closed is a factual question for the Board to determine, based mainly on whether further proceedings were contemplated at the time of the presumed closing, and that determination will not be reversed if supported by substantial evidence (*see Matter of Granberry v JCCA Edenwald, Inc.*, *supra* at 1103; *Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]).

Here, the Board's notice of approval of the Workers' Compensation Law § 32 agreement did not state that the case was closed, but that "[n]o further action is planned by the Board at this time," a statement that signals that the case is currently inactive but "is not dispositive on the issue of closure" (*Matter of Buffum v Syracuse Univ.*, 12 AD3d 887, 888 [2004]; *see Matter of Granberry v JCCA Edenwald, Inc.*, *supra* at 1103). The Board found that claimant's case was not closed, and Workers' Compensation Law § 25-a therefore could not be invoked, for two reasons. First, claimant is classified with a permanent total disability which implies a continuing need for medical treatment and care. Second, the Workers' Compensation Law § 32 agreement contains a provision that the Board found "contemplated further proceedings in the form of modification of home health care requirements."

Addressing the Board's first reason, a classification of a permanent total disability does not foreclose the possibility of the case being truly closed just because continued medical care is needed. A case may be truly closed where symptomatic medical treatment is authorized, even if the claimant's condition may change or worsen in the future, which would result in a reopening of the case (*see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 384-385 [1949]; *Matter of Mackey v Murray Roofing*, 24 AD3d 1149, 1151 [2005]; *Matter of Jones v HSBC*, *supra* at 866; *Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763-764 [2003]; *Matter of McQueen v New York State Div. of Parole*, 245 AD2d 851 [1997], *lv denied* 92 NY2d 802 [1998]). The possibility always exists that an injured person's health could deteriorate. Additionally, a workers' compensation carrier is responsible for paying for medical treatment regardless of whether the claimant is receiving compensation in the form of weekly wage

benefits. For purposes of determining true closure and calculating time periods for Workers' Compensation Law § 25-a purposes, the further proceedings contemplated at the time of "closure" should concern issues related to the payment of "compensation," which does not include payments for medical treatment or care (*see* Workers' Compensation Law § 13 [a]; *Matter of Casey v Hinkle Iron Works, supra* at 385-386; *Matter of Jones v HSBC, supra* at 866; *compare Matter of Granberry v JCCA Edenwald, Inc., supra* [case not truly closed where issue of lost wages for certain time periods unresolved], *Matter of Stanford v Lewis County Opportunities*, 33 AD3d 1098 [2006] [case not truly closed where issue of concurrent employment unresolved], *and Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827 [2004] [case not truly closed where issue of permanency not resolved], *with Matter of Mackey v Murray Roofing, supra* [case closed where weekly benefits suspended due to incarceration, despite possible future request for reinstatement of benefits], *and Matter of Jones v HSBC, supra* [matter closed where the claimant *awarded* schedule loss of use and all temporary rates made permanent, despite continuation of contemplated medical treatment regimen]). Thus, claimant's classification and need for continuing medical care do not support the Board's determination.

Addressing the Board's second reason, the Workers' Compensation Law § 32 agreement limited Board action on the case to review or reopening for the purpose of making adjustments to reimbursements for claimant's future home healthcare requirements based upon a significant and unanticipated change. This provision does not so much contemplate further proceedings, as the Board held, because it provides a contingency to allow reopening if future developments make adjustments to this narrow category of reimbursements necessary. Finally, while the Board considered the agreement as anticipating further proceedings, the language of the agreement refers to reopening, which can only occur if the case is closed. This matter must be remitted to the Board because its determination that claimant's case was not truly closed is not supported by substantial evidence (*see Matter of Andrus v Purolator Prods., supra*).

Our decision on the merits renders the appeal from the request for reconsideration academic. We have reviewed the parties' remaining arguments and find them to be without merit.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision filed April 25, 2005 is reversed, without costs, and matter remitted to the Workers' Compensa-

tion Board for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the decision filed August 14, 2006 is dismissed, without costs, as academic.