In the Matter of the Claim of EUGENE GIEMZA, Respondent, v TOWN OF CAMBRIDGE et al., Respondents, and WASHINGTON COUNTY SELF-INSURANCE, Care of BENETCH INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [845 NYS2d 846]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 2006, which ruled that liability did not shift to the special fund for reopened cases pursuant to Workers' Compensation Law § 25-a.

On August 16, 1993, claimant was injured while working for the Town of Cambridge in Washington County when the tractor he was operating was struck from behind by a dump truck. He filed a claim for workers' compensation benefits and also commenced a third-party action against the driver of the dump truck. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a June 25, 2002 decision finding that claimant suffered work-related injuries to his neck and back, and awarded him benefits through August 20, 1998. At that time, the WCLJ noted that the applicability of Workers' Compensation Law § 25-a had not yet been established and that the findings made were "pending [t]hird [p]arty [a]ction." Fol-

lowing another hearing in June 2003, the WCLJ found that there was no compensable lost time from June 19, 2002 through June 13, 2003. At the request of the employer's self-insured carrier, the WCLJ also addressed the applicability of Workers' Compensation Law § 25-a and concluded that the issue could not be resolved due to the still pending third-party action. Claimant subsequently obtained the consent of the carrier and settled the third-party action for $10,000. In August 2005, the carrier requested another hearing to determine the applicability of Workers' Compensation Law § 25-a. Following that hearing, the WCLJ found, among other things, that liability had shifted to the special fund for reopened cases pursuant to Workers' Compensation Law § 25-a. On administrative appeal, the Board reversed the WCLJ's decision and ruled that, because there was not a "true closing" of the case at the time of the WCLJ's June 25, 2002 decision, liability did not shift to the special fund. The carrier now appeals.

"Workers' Compensation Law § 25-a (1) provides that the Special Fund must cover any payments if a case is reopened more than seven years following the injury and three years following the last payment of compensation" (*Matter of Washburn v Bob Hooey Constr. Co.*, 39 AD3d 956, 957 [2007]). It is undisputed that these time periods have been satisfied here. However, the applicability of the statute depends upon whether there was a true closing of the case and this, in turn, "is a factual question for the Board to determine, based mainly on whether further proceedings were contemplated at the time of the presumed closing" (*Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 959 [2007]; *see Matter of Stanford v Lewis County Opportunities*, 33 AD3d 1098, 1099 [2006]). Here, the third-party action was pending at the time the proceedings commenced before the WCLJ and its outcome had potentially far-reaching effects on the parties' rights under Workers' Compensation Law § 29. Such effects could not be ascertained until the action was concluded and this was acknowledged by the WCLJ's reference to the action in the June 25, 2002 decision. Under these circumstances, it appears that further proceedings were indeed contemplated and that there was not a true closing of the case (*see Matter of Lane v Tompkins County Sheriff's Dept.*, 117 AD2d 861 [1986]; *Matter of Sandles v Suffolk County Police Dept.*, 89 AD2d 682, 683 [1982]). Consequently, substantial evidence supports the Board's finding that liability did not shift to the Special Fund pursuant to Workers' Compensation Law § 25-a.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.