■ In the Matter of the Claim of JOHN EARLY, Claimant, v NEW YORK TELEPHONE COMPANY, Presently Known as VERIZON, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [870 NYS2d 573]—

Malone Jr., J.

In June 1992, claimant sustained a compensable injury to his right knee. Following surgery in August 1992 and again in December 1994, he received workers' compensation benefits. In January 1996, a Workers' Compensation Law Judge (hereinafter WCLJ) granted claimant a 10% schedule loss of use award of his right leg and ordered that the self-insured employer be reimbursed for all wages previously paid to claimant. Claimant filed an application for review before the Workers' Compensation Board with respect to that part of the decision ordering reimbursement at the full salary rate, as opposed to the workers' compensation rate. Due to the existence of other cases involving the same legal issue, the Board rescinded the WCLJ's decision with respect thereto, restored claimant's case to the trial calendar regarding the same, held the other issues in the case in abeyance and directed that a lead case be selected by

stipulation of the parties. The Board issued a decision in October 1999 finding, based upon the lead case, that the WCLJ was correct in ruling that the employer was entitled to reimbursement for the full amount of wages paid to claimant.

In the meantime, claimant's physician filed a C-27 form requesting reopening of claimant's case based upon a change in his medical condition and opined that claimant would ultimately require a total knee replacement. As a result, the Board reopened claimant's case in December 1998. In response to the Board's request for further medical documentation, claimant's physician submitted a C-4 form which, among other things, requested approval for certain injections and opined that claimant had a 40% schedule loss of use of the right knee. In June 2000, the WCLJ issued a decision approving the injections and indicating that no further action was planned.

In May 2002, the Board issued another decision on the issue of wage reimbursement based upon this Court's decision in *Matter of Staruch v New York Tel. Co.* (277 AD2d 830, 833 [2000], *lv dismissed and denied* 96 NY2d 852 [2001]) involving review of the lead case. The Board ultimately rescinded, without prejudice, that part of the WCLJ's January 1996 decision finding that the employer was entitled to full wage reimbursement and held the reimbursement amount in abeyance pending the employer's submission of further evidence. Following a further hearing and based upon the Board's decision in *ARC v Verizon New York, Inc.*, a new lead case, the WCLJ issued a reserved decision in December 2004 ruling that the employer was only entitled to reimbursement at the workers' compensation rate. Accordingly, the WCLJ directed that the employer allocate the reimbursement moneys held in abeyance and noted that no further action was planned. Both claimant and the employer sought Board review of this decision.*

Claimant underwent surgery for a total knee replacement in January 2005. In April 2005, the employer sought to reopen the case by filing a notice and a request for further action asserting, among other things, the applicability of Workers' Compensation Law § 25-a. Following a hearing, the WCLJ ruled that liability had shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a and, accordingly, it discharged the employer from further liability. The Board subsequently affirmed the WCLJ's decision and found that there was a true closing of the case at the time of the WCLJ's December

---

* Notably, claimant and the employer ultimately entered into a settlement agreement pursuant to Workers' Compensation Law § 32 regarding the reimbursement issue.

2004 reserved decision resolving the reimbursement issue. The Special Fund now appeals.

Initially, we note that the purpose of Workers' Compensation Law § 25-a "is to shift the liability for paying stale claims to the [Special] Fund" (*Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353 [1997]). The statute provides, in relevant part, that "when an application for compensation is made . . . after a lapse of seven years from the date of the injury [and] three years from the date of the last payment of compensation," an award of benefits shall be made "against the [S]pecial [F]und" (Workers' Compensation Law § 25-a [1]; *see Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 958-959 [2007]). The case must be closed and later reopened in order for Workers' Compensation Law § 25-a to apply (*see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 385 [1949]). Whether there has been a true closing of the case is a factual issue for the Board to resolve and its determination in this regard will be upheld if supported by substantial evidence (*see Matter of Rodriguez v Greenfield Die Casting*, 53 AD3d 728, 730 [2008]; *Matter of Giemza v Town of Cambridge*, 45 AD3d 1008, 1009 [2007]).

In the case at hand, claimant sustained his injury in June 1992 and the last payment of compensation was made in January 1996. The employer's application to reopen was made in April 2005, more than seven years from the date of the injury and three years from the last payment of compensation, thus meeting the time requirements necessary to shift liability to the Special Fund under Workers' Compensation Law § 25-a. While the Special Fund seeks to avoid liability by asserting that there was never a true closing of the case, we are not persuaded. The September 1998 and January 2000 medical reports that it relies upon which indicated that claimant's condition had worsened do not, under the circumstances presented here, establish that further proceedings were contemplated after the WCLJ issued his December 2004 reserved decision. Significantly, there is no evidence that claimant requested further medical treatment or submitted a claim for an increased schedule loss of use between the WCLJ's June 2000 decision approving the injections and the WCLJ's December 2004 reserved decision resolving the reimbursement issue and closing the case. Accordingly, substantial evidence supports the Board's finding that the case was truly closed as of December 2004, and we decline to disturb its decision. We have considered the Special Fund's remaining contentions and find them to be unavailing.

Cardona, P.J., Carpinello and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.