Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 5, 2011, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
In December 1996, claimant suffered a work-related injury to his left knee that required surgery, and his claim for workers’ compensation benefits was established. He received his last payment of benefits in May 1997, when he returned to work. In February 1998, a Workers’ Compensation Law Judge found no evidence of permanency and closed the case. In July 2009, claimant reinjured his left knee in a nonwork-related incident that required further surgery. Claimant raised issues of scheduled loss of use and permanency in September 2010 and the employer’s workers’ compensation carrier thereafter requested that liability for claimant’s 1996 case shift to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. The Workers’ Compensation Law Judge found that Workers’ Compensation Law § 25-a was applicable and directed that liability be shifted to the Special Fund. On review, the Workers’ Compensation Board affirmed and the Special Fund now appeals.
We affirm. Workers’ Compensation Law § 25-a (1) provides that liability shifts from the carrier to the Special Fund when an application to reopen a closed case is made more than seven years after the date of injury and three years following the last payment of benefits (see Matter of McLean v Amsterdam Nursing Home, 72 AD3d 1309, 1310 [2010]; Matter of Rathbun v D’Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294 [2009]). Even when, as here, the statutory time periods have been met, Workers’ Compensation Law § 25-a is only applicable if the case was truly closed (see Matter of Palermo v Primo Coat Corp., 88 AD3d 1042, 1042 [2011], lv dismissed 18 NY3d 810 [2012]; Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959 [2007]). Whether a case was truly closed is a question of fact for the Board to determine “based primarily upon whether any further proceedings are contemplated with regard to issues *1224 concerning the payment of compensation” (Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012]; see Matter of Dicob v AMF Bowling, Inc., 77 AD3d 1034, 1035 [2010]).
Here, the Board’s determination that the case was truly closed in 1998 is supported by evidence in the record. At that time, claimant had returned to work, had no further compensable lost time, no further payments of compensation were made and no further proceedings were contemplated. While the Special Fund contends that a medical report from June 1997 — which indicates that at some point it is to be expected that claimant will have arthritic changes to his knee — is proof that the case was not closed, we note that “[t]he existence of the employer’s potential liability for future treatment, or the possibility that the claimant’s condition could deteriorate resulting in the case reopening, does not mean that the matter was not fully closed” (Matter of Jones v HSBC, 304 AD2d 864, 866 [2003]; see Matter of Mackey v Murray Roofing, 24 AD3d 1149, 1150 [2005]). We further reject the Special Fund’s contention that the Board’s decision was arbitrary and capricious for failing to follow its own precedent, finding the cases cited in support of this contention to be factually distinguishable (see Matter of Malone v Bob Bernhardt Paving, 1 AD3d 781, 782 [2003], affd 2 NY3d 756 [2004]; Matter of De La Concha v Fordham Univ., 292 AD2d 662, 664 [2002]).
Mercure, J.E, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.